## Feingold *v.* Steinberg, Appellant.

*Constitutional law—Sales in bulk—Act of March* 28, 1905, *P. L.* 62.
    The Act of March 28, 1905, P. L. 62, relating to sales of stock of merchandise and fixtures in bulk, is constitutional.
    The question whether the inquiry by the purchaser required by the act was made in good faith, is for the jury.

Argued Dec. 11, 1906.    Appeal, No. 143, Oct. T., 1906, by defendant, from judgment of C. P. No. 4, Phila. Co., June T., 1905, No. 570, on verdict for S. Feingold in the interpleader in case of Simon Feingold, trading as S. Feingold & Company, v. Jacob Steinberg, Morris Barsh and Meyer Luber, copartners, trading as M. Barsh & Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Interpleader to determine title to a stock of merchandise sold in bulk.

The facts are stated in the opinion of the Superior Court.
    Verdict and judgment for S. Feingold and value assessed at $1,200. M. Barsh & Co. appealed.

*Errors assigned* were various instructions.

*Claude L. Roth*, with him *Frederick J. Shoyer*, for appellants.

*J. C. Levi*, of *Bamberger, Levi & Mandell*, for appellee.

OPINION BY RICE, P. J., February 25, 1907 :

This case, judging by the facts which a jury could find from the evidence adduced, is a fair illustration of the kind of transaction whereby creditors could be successfully defrauded, and not infrequently were defrauded, prior to the Act of March 28, 1905, P. L. 62. One Steinberg had opened what is called a " gent's " furnishing store in the city of Philadelphia. He had done business at this store for a comparatively short time, a month or two. Barsh & Company are engaged in the auction business and one of their business methods is to buy up entire stocks of merchandise belonging to those who desire to give up trade, and having bought them, to sell the merchandise again by auction in their place of business. There is a dispute in the testimony as to the value of Steinberg's stock. Some of the witnesses place it as high as $2,000, and the verdict of the jury has established the fact that the goods were worth $1,200. Steinberg notified Barsh & Company by telephone that he had the stock for sale, and after negotiations on the same day a sale was made to Barsh & Company for $550 and within a few hours the goods were removed to their place of business. Steinberg was paid the price agreed upon, when, as the learned trial judge says in his charge, " he went on his way and was seen no more." The result was that the creditors who had sold the goods to Steinberg were left in the lurch. At the time of the sale, it is testified by Mr. Leuber of the firm of Barsh & Company that he asked Steinberg whether he owed any money on the goods, whether he had any creditors, and that Steinberg assured him that he had no creditors ; also that Steinberg gave him a receipt in writing in which it was stated that the stock was free from all incumbrances and debt, " all paid, no creditors on it." The allegation that inquiry was made of the seller as to his creditors prior to the sale rests in parol, and for that reason as well as in view of other circumstances the court was right in submitting to the jury the question whether the purchaser had made such inquiry, " in good faith," as required by the act. The manner in which the question was submitted, and the considerations which led the learned trial judge to submit it to the jury, appear quite clearly in those parts of his charge which are quoted in the several assignments of error. No well founded criticism

can be made of the charge in this particular. It was a clear, adequate and impartial presentation of the law applicable to the special circumstances of the case. The principal ground upon which we are asked to reverse the judgment is that the act is unconstitutional, and therefore it was immaterial whether the requirements thereof were complied with by the purchaser and seller or not. We have considered at some length the constitutional questions in the case of Wilson v. Edwards, 32 Pa. Superior Ct. 295, upon the appeal of Caniff, in which we herewith file an opinion. All of the questions, so far as we regard it as important to specifically notice them, have been discussed therein as fully as seems to be required in order to adequately present the grounds of our decision.

All the assignments of error are overruled and the judgment is affirmed.