INTERSTATE SHIRT & COLLAR CO. *v.* WINDHAM.

1. FRAUDULENT CONVEYANCES—SALES IN BULK LAW—AFFIDAVIT
   —LIST OF CREDITORS.
     It is not a sufficient compliance with the bulk-sales law (Act No.
     223, Pub. Acts 1905) for the seller of a stock of merchandise
     to give the buyer an affidavit that the stock is free from debt,
     as the phrase might be construed to mean that there were no
     liens against the stock, or that the seller had no merchandise
     creditors.

2. SAME.
     Under the statute, a list of creditors or an affidavit that the
     seller has none, is required.

Error to Wayne; Donovan, J.  Submitted April 13, 1911.
(Docket No. 110.)   Decided May 8, 1911.

Garnishment proceedings in justice's court by the In-
terstate Shirt & Collar Company, a foreign corporation,
against Pearl S. Windham.   From a judgment for plain-
tiff, defendant appealed to the circuit court.   A judgment
for plaintiff on a verdict directed by the court is reviewed
by defendant on writ of error.   Affirmed.

*Samuel E. Jones* ( *Edward S. Grece,* of counsel), for
appellant.
*Clark, Lockwood & Bryant,* for appellee.

BIRD, J.   The plaintiff recovered a judgment in justice's
court against John O. Foss, as principal defendant, and
Pearl S. Windham, as garnishee defendant.   Windam
appealed the case to the Wayne circuit court, where a ver-
dict was directed for the plaintiff in the sum of $82.90.

The defendant purchased from John O. Foss a stock of
men's furnishing goods.   Before doing so, he made an in-
ventory of the goods in compliance with the bulk-sales
law (Act No. 223, Pub. Acts 1905) and demanded of

Foss a list of his creditors. Foss advised him that he had no creditors, except his father, who had a lien on his stock to secure a loan of $4,000. On the day the purchase was made, Foss made and delivered to the defendant the following affidavit:

"State of Michigan, } ss.:
"County of Wayne. }

"John O. Foss, being duly sworn, deposes and says that he is the owner and possessor of a certain stock of gents' furnishings and sundries, situated at 530 Gratiot avenue, Detroit, Michigan, that the said stock of gents' furnishings and sundries is entirely free of debt, and that there is no incumbrance thereon except a certain chattel mortgage given to Jacob A. Foss; and further deponent saith not.

"John O. Foss.

"Subscribed and sworn to before me this 20th day of May, A. D. 1908.

"Samuel E. Jones,
"Notary Public, Wayne County, Mich.
"My commission expires April 24, 1909."

The sole question submitted for our consideration is whether this affidavit meets the requirement of the statute. This statute requires a written list of the seller's creditors, together with their addresses and the amount owing to each. This was not done. The defendant argues that the seller insisted that he had no creditors, and, if he had none, he could not give a list of what he did not have. The evident intent of the statute in requiring the affidavit was to disclose the state of the seller's indebtedness and to whom owing. Since that is the object to be attained, it is not unreasonable to construe the statute as requiring a list of the seller's creditors, if he has any, and, if not, to require that fact to be stated in the affidavit.

But counsel argues that this statement was made in that part of the affidavit wherein it stated that "the stock was entirely free from debt." That statement might be construed as meaning that there were no liens against the stock, or it might be construed as meaning that the seller

had no merchandise creditors. In either event, it is not a statement that he had no creditors. This court has recently held in *People's Sav. Bank* v. *Van Allsburg*, *ante*, 524 (131 N. W. 101), that the giving of the notice is not restricted to any particular class of creditors.

We are of the opinion that the affidavit was not sufficient, and that the trial court was not in error in so holding.

The judgment of the trial court is affirmed.

OSTRANDER, C. J., and HOOKER, BLAIR, and STONE, JJ., concurred.