## CHARACTER OF AFFIDAVIT REQUIRED UNDER THE BULK SALES LAW.

Court of Appeals for Hamilton County.

ROMEO & COMPANY, INC., v. ELIAS NASSIF AND GEORGE NASSIF, PARTNERS UNDER THE FIRM NAME OF NASSIF BROS.

Decided, February 5, 1917.

*Bulk Sales Law—Definition of the Term "Creditors" as Used Therein —Nature of the Affidavit Which Must be Filed With the Purchaser.*

1. The bulk-sales law (Sections 11102 *et seq.*, G. C.), requires a list of all creditors to be furnished to the purchaser, or an affidavit that the seller has none.
2. The term "creditors," as used in Section 11102, G. C., refers to no particular class, but to all creditors of the seller.

*Matthews & Matthews,* for plaintiff.
*Cogan, Williams & Ragland,* contra.

JONES (Oliver B.), J.

This is an action to have a purchaser of a stock of goods sold in bulk declared a trustee, and for the appointment of a receiver and the sale of said property for the benefit of the creditors. The case is predicated upon General Code, Sections 11102, 11103 and 11103-1, as amended 103 O. L., 462. It was brought into this court by appeal.

A motion has been filed to dismiss this appeal on the ground of want of jurisdiction. Defendants contend that, as the cause of action arises because of the statutes alone, it was entirely unknown to the English chancery practice and therefore is not appealable. They rely particularly upon the case of *Hollowell* v. *Schradin,* decided by this court and found in 14 O. L. R., October 30th, 1916, in which the majority of the court hold an action to foreclose a mechanic's lien not to be appealable.

The bulk-sales statute, however, is based upon and is an outgrowth of the equitable doctrine of fraudulent conveyances,

long known in equity jurisprudence and always the subject of chancery jurisdiction. Like the matter of partition it may be provided for by statute and yet not lose its equitable character.

The Supreme Court has fully considered and discussed the jurisdiction of this court in appeal cases in *Wagner* v. *Armstrong,* 93 O. S., 443, and *Manning* v. *Lakewood,* 94 O. S. Under these cases, we are of the opinion that this action is appealable, and the motion to dismiss the appeal is therefore overruled.

The constitutionality of the bulk-sales law was upheld in *Steele Co.* v. *Miller,* 92 O. S., 115.

The only question presented here is the sufficiency of the affidavit made by the seller, Dominick Sgro. It is in the following terms:

"Dominick Sgro, of lawful age, being first duly cautioned and sworn, deposes and says that he is the owner of the store and the stock, fixtures, etc., contained therein, located at the northwest corner of Richmond street and Central avenue, Cincinnati, Ohio; that this affiant at the present time has no creditors on account of any goods sold, supplied or delivered to said place of business; that said store, stock, fixtures, etc., are free from mortgages, liens and all claims whatsoever; that this affiant in and about the conduct of said business has no creditors and that all indebtedness against him on account of the conduct of said business has ben settled and satisfied."

Section 11102, General Code, as amended, provides:

"The sale * * * in bulk, of any part or the whole of a stock of merchandise * * * other wise than in the ordinary course of trade and in the regular and usual prosecution of the business of the sellers * * * shall be void as against the creditors of the seller * * * unless the purchaser * * * demands and receives from the seller * * * a written list of names and addresses of the creditors of the seller * * * with the amount of the indebtedness due or owing to each and certified by the seller * * * under oath to be a full, accurate and complete list of his creditors, and of his indebtedness; * * *."

Strict compliance with this statute is necessary.

It will be observed that the parties to the sale made an attempt to comply with it. The affidavit, however, is not in broad terms that the affiant has no creditors, but is only to the effect that he "has no creditors on account of any goods sold," etc., and that affiant "in and about the conduct of said business has no creditors," etc. This limits the affidavit to trade creditors, to those connected with that business. This fails to comply with the statute which puts no such limitation as to the "creditors" of the seller. At the bottom of page 127, Johnson, J., in the opinion of the court in *Steele Co.* v. *Miller,* 92 O. S., 115, says:

"It affects all within the class of creditors of such merchants."

It is clear that creditors outside of the particular trade are interested in the subject, as they well might give credit because of the existence of that business.

As stated by the court in *Steele Co.* v. *Miller, supra,* the Ohio statute is a substantial copy of that of Michigan. There the law has frequently been considered by the Supreme Court. In *People's Savings Bank* v. *Van Allsburg,* 165 Mich., 524, it was held that this statute "applies to no particular class of creditors, but to all of the creditors of the seller." Another case where the affidavit was held insufficient is that of *Interstate Shirt & Collar Co.* v. *Windham,* 165 Mich., 648.

The seller having failed to comply with the requirements of the statute in this case, the defendants must be held to be trustees' for the benefit of the creditors.

A decree may be taken, and the case will be remanded to the common pleas court for its execution.

JONES (E. H.), P. J., and GORMAN, J., concur.