## Gibbon *v.* Arronson et al., Appellants.

*Sales in bulk—Bulk Sales Act—Consummation of sale—Time—Action by creditors to set aside sale—Ninety-day limitation—Act of May 23, 1919, P. L. 262.*

Under the provisions of the Act of May 23, 1919, P. L. 262 (Bulk Sales Act) a creditor seeking to set aside a sale must institute proceedings within ninety days from the consummation of the sale.

A sale is consummated within the meaning of the act when the goods are sold, delivered and paid for, and open, notorious, and visible possession is taken thereof by the purchaser.

Argued October 9, 1922. Appeal, No. 60, Oct. T., 1922, by defendants, from decree of C. P. No. 1, Phila. Co., June T., 1920, No. 5828, in equity in the case of B. Irving Gibbon and Mary A. Gibbon, trading as C. D. Gibbon & Son, and Joseph I. Meany & Co., Incorporated, on behalf of themselves and such others who may intervene, v. Harris Arronson and Jacob Arronson, trading as Pennsylvania Auction Company. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Bill in equity for a receiver for the benefit of creditors because of violation of the Act of May 23, 1919, P. L. 262 (Bulk Sales Act). Before PATTERSON, J.

The facts are stated in the opinion of the Superior Court.

The court entered the following decree:

And now, to wit, this 12th day of January, A. D. 1922, this case having been heard upon proper pleadings, hearing of the evidence thereon, and after due consideration thereof,

It is hereby ordered, adjudged and decreed that Harris Arronson and Jacob Arronson, trading as Pennsylvania Auction Company, the defendants, having failed to comply with the terms of the Act of May 23, 1919, P. L. 262,

regarding the sale of the merchandise in bulk by Max Revnes for $2,675 on April 24, 1920, the said sale was fraudulent and void as to the then creditors of the said Max Revnes; and the said Harris Arronson and Jacob Arronson, trading as Pennsylvania Auction Company, were then and now are receivers for the benefit of and in the respective amounts due B. Irving Gibbon and Mary A. Gibbon, trading as C. D. Gibbon & Son, and Joseph I. Meany & Co., Inc., creditors of the said Max Revnes, to wit: C. D. Gibbon & Son, $96.05, with interest thereon from April 24, 1920; and Joseph I. Meany & Co., Inc., $50, with interest thereon from April 24, 1920.

Defendants appealed.

*Error assigned,* among others, was the decree of the court.

*Frederick J. Shoyer,* and with him *Joseph L. Wase,* for appellants.

*Charles J. Weiss,* of *Wessel, Bennett & Weiss,* for appellees.

OPINION BY KELLER, J., November 23, 1922:

The plaintiffs filed a bill in equity, under the provisions of the Bulk Sales Act of May 23, 1919, P. L. 262, to set aside a sale of merchandise alleged to have been made in bulk by one Max Revnes to the defendants, and have them declared receivers for the fair value thereof for the benefit of the plaintiffs and other creditors of Revnes who might intervene in the suit.

The Act of May 23, 1919, makes it the duty of one about to purchase a stock of goods in bulk, and not in the ordinary course of business, to do certain prescribed things for the protection of the vendor's creditors. Before paying for the goods he must obtain from the vendor a sworn written statement containing the names and addresses of all persons to whom the vendor is indebted

and the amount of indebtedness due each of them.  The intending purchaser must thereupon, and "at least ten days before the completion of said purchase or the payment therefor," notify personally or by registered mail each of said creditors of the said vendor of said proposed sale, and the price to be paid therefor, and enclose a copy of the statement of creditors before referred to.  Certain other provisions for the protection of the vendor's creditors are contained in the act which it is not necessary to refer to in the present case.  If the intending purchaser complies with the provisions of the act, he is protected against the claims of the vendor's creditors.  If he fails to do as the act prescribes, the sale is declared "fraudulent and void," and, "at the suit of any creditor," he shall be held liable to the creditors of said vendor as a receiver for the fair value of all the property so bought by him.  It is provided, however, in this connection, (section 3), "That no proceeding at law or equity shall be brought against the purchaser to invalidate any such sale after the expiration of ninety days from the consummation thereof."

It is admitted that the defendants did not comply with the requirements of the act.  Inquiry was made of Revnes at the time of sale as to his creditors, but upon his assurance, in writing, that he owed only $450, the entire purchase money was paid him at once, on his agreement to hold that amount thereof in trust for his creditors, and the entire stock of goods was at once moved to defendants' place of business.  It is, however, also undisputed that these proceedings were not brought against the defendants to invalidate such sale until ninety-three days after the stock of goods in question had been sold and delivered and paid for and actually moved to the defendants' place of business.

The learned chancellor, in construing the limitation fixed in section 3 of the act as to the bringing of proceedings to invalidate such sale, held that there could be no "consummation" of the sale within the language of

such provision, until all the requirements of the act as to obtaining a statement, notifying the creditors of the vendor, paying them, or seeing that the purchase money was applied to the payment of their claims, etc., had been complied with. But this seems to us clearly untenable, for these provisions look to the validation of the sale, not its consummation. If the purchaser has done all the things prescribed by the act, the sale cannot be invalidated, and the clause, as construed by the chancellor, would result in the absurdity of providing that no proceeding to invalidate a sale in bulk could be brought after the expiration of ninety days from the time its validity had been established.

We are of opinion that the sale is consummated within the meaning of the act when the goods are sold and delivered and paid for and open and notorious visible possession thereof taken by the purchaser; that it has practically the same meaning as "completion of said purchase" used in the second section; that the sale may be completed or consummated by payment for and delivery of the goods without complying with the provisions of the act for the protection of the vendor's creditors, but in that event, the purchaser runs the risk of the sale being declared fraudulent and void as to such creditors and set aside as to them, and he may be compelled to pay to them (i. e. pay a second time) the fair value of such goods, provided they bring their proceedings to invalidate the sale within ninety days after such sale was completed or consummated as aforesaid.

This requires the word "void" in section 3 to be construed as "voidable," (Seylar v. Carson, 69 Pa. 81, 87; Pearsoll v. Chapin, 44 Pa. 9, 15) but a reading of the entire act permits of no other construction: Dickinson v. Harbison, 78 N. J. L. 97, 72 Atl. 941; Kelly-Buckley Co. v. Cohen, 195 Mass. 585, 81 N. E. 297, 299; Mac-Greenery v. Murphy, 76 N. H. 338, 82 Atl. 720; Tudor v. Tudor, 80 Vt. 220, 67 Atl. 539. The appellees admit that such a sale is not void, in the sense that it is absolutely

null and has no validity whatsoever. Whether the requirements of the act have been observed or not, the sale, when completed, is perfectly good as between the vendor and purchaser, and if the former has no creditors, or if they are paid by him out of the proceeds of sale, or otherwise, it is good as to the world. To invalidate the sale the vendor's creditors must act, and the statute provides that they must bring their proceedings within ninety days from the date when the sale was consummated, that is, completed according to common understanding, by payment of the purchase money, delivery of the goods and open and notorious transfer of possession to the purchaser; and if such proceedings are brought the sale is only invalidated to the extent necessary to pay the vendor's creditors existing at the time the sale was made. Subsequent creditors cannot take advantage of the proceeding. The act only has reference to genuine sales in bulk where title is intended to pass and payment is actually made. Fraudulent transfers of property, without consideration, for the purpose of cheating creditors, are not within the scope of the act and are not affected by the ninety-day limitation.

The appellees did not bring these proceedings within the time limited by the act and consequently, by their delay, have lost the protection which it affords.

To avoid unnecessary complexity in the opinion we have treated the case as if Revnes had sold his stock of shoes directly to the defendants, instead of, as appeared in the testimony, to one Davis, followed by an immediate assignment of his bargain to the defendants. It makes no difference in the legal results.

The third assignment of error is sustained; the decree of the court below is reversed and the record is remitted with directions to enter a decree dismissing the bill. All costs to be paid by appellees.