## George H. West Shoe Co. et al. *v.* Lemish et al., Appellants.

*Sales—Sale in bulk—Fraud on creditors—Act of May 23, 1919, P. L. 262—Appeals—Findings of fact—Evidence.*

1. The term "creditors" as descriptive of the persons in whose favor a statute declares a bulk sale fraudulent and void is usually not restricted to any particular class of creditors.

2. Such liens include all persons who are creditors of the seller at the time of sale, although their claims have not been reduced to judgment, or were not due, and although they were not creditors for merchandise, but were merely general creditors of the seller in other transactions.

3. A sale of a stock of goods in bulk will be declared void under the Act of May 23, 1919, P. L. 262, where the affidavit executed under the act declares that the seller had no creditors, and that the stock was "paid for in full excepting a few sundry bills," but there is no averment or inventory showing the names and addresses of those who were the holders of the bills, and the proof shows there were a number of creditors whose claims were not satisfied at the time of the transfer.

4. A bill in equity filed by creditors within eighty-seven days of the sale, is within the time fixed by the statute.

5. The findings of the court as to the value of the goods illegally transferred, supported by sufficient evidence, is binding on the appellate court.

Argued January 18, 1924. Appeal, No. 252, Jan. T., 1924, by David Rosenberg, from decree of C. P. No. 5, Phila. Co., March T., 1921, No. 5266, for plaintiffs on bill in equity in suit of the George H. West Shoe Company, the Ferris Shoe Company et al., *v.* John H. Lemish and Charles J. Simpson, trading as Little Shoe Shop, and David Rosenberg. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ. Affirmed.

Bill to compel payment of creditors under Bulk Sales Act of May 23, 1919, P. L. 262. Before Monaghan, J.

The opinion of the Supreme Court states the facts.

Decree for plaintiff by Martin, P. J. David Rosenberg appealed.

*Error assigned* was, inter alia, decree, quoting it.

*Edward H. Cushman,* with him *Samuel Englander,* for appellant.—The affidavit by the vendor that the stock was free of debt met the statutory requirement: Lemieux v. Young, 211 U. S. 489; Setzler v. Peddie, 41 Pa. C. C. R. 677.

The clause, "Excepting sundry bills," does not alter the effect of the affidavit as to appellees, who are merchandise creditors.

*Percival H. Granger,* of *Reber, Granger & Montgomery,* for appellees.—The Bulk Sales Act requires notice to all of vendor's creditors and not merely to his merchandise creditors: Fidelity, etc., Co. v. Thomas, 133 Md. 270; Johnston Bros. v. Washburn, 16 Alabama App. Ct. 311; Newcomb v. Montague, 205 Michigan 80; Burnett v. Trimmell, 103 Kansas 130.

OPINION BY MR. JUSTICE SADLER, February 11, 1924:

Lemish and Simpson conducted, from October, 1919, to January, 1921, a store in the City of Philadelphia, known as the Little Shoe Shop. One Rosenberg desired to purchase the stock of goods, and after negotiations did, on January 18, 1921, buy all of the merchandise on hand for the lump sum of $1,800. One of the partners, who had authority to act for the other, stated to the vendee that there were no outstanding accounts due, and that the shoes transferred had been paid for in full. In an attempt to comply with the provisions of the Bulk Sales Act of May 23, 1919, P. L. 262, an affidavit was executed before a notary public in which the statement was made that the firm "had no creditors," and that the stock on hand "is paid for in full excepting a few sundry bills." No names and addresses or amounts owing to anyone were attached, nor was an accurate inventory of the stock of merchandise made, as required by the act referred to. The vendee took possession, and made sale at auction, receiving about $500 more than the price paid. Later, creditors of the defendants filed this bill, having for its purpose the setting aside of the transaction, because of failure to comply with the statute governing such cases, and asked that the purchaser be declared a receiver for the fair value of all the property bought by him, and that he account to the creditors for the true worth. An answer was filed, and, after hearing, the court found as facts that there had been a failure to comply with the provisions of the Bulk Sales Act both as to the making of an inventory and the affidavit made obligatory by its terms. It also, upon sufficient evidence, held there were creditors of the vendor whose claims were not satisfied at the time of the transfer, and that the purchaser was not protected in view of the clear notice given by the declaration that "there were sundry bills outstanding." The fair value of the merchandise transferred was found to be $4,000, and to this extent

the vendee was held liable as receiver of the property which he took over.

The purpose of the Act of May 23, 1919, P. L. 262, supplanting that of March 28, 1905, P. L. 62, was to protect creditors against the sale of stock in hand as a whole, to the prejudice of those unpaid, and who could look to the assets alone for the satisfaction of their claims. The legislature expressly provided for the relief of all parties concerned where the transfer of the merchandise was in bulk. Not only was an accurate inventory showing values required to be made, but a sworn statement setting forth the names and addresses of the claimants, with provision for notice to them so that objection to the transfer could be lodged if deemed advisable. It was also directed that the sale should be void if these provisions were not complied with. The vendee, in case of doubt, was granted permission to pay the purchase price into court, which would make the appropriate distribution after hearing.

In the present case, the buyer pleads protection by reason of the affidavit, which, set forth that the only bills outstanding were "sundry" accounts, and he claimed to have been advised that this statement included only the telephone and grocery bills of Simpson. This assertion was evidently untrue; as shown by proof of liability to merchandise creditors who joined in the present proceeding. Certainly, the averment made was insufficient as a shield to the purchaser, there having been a failure to set forth the names and addresses of those who were the holders of the bills referred to. "The term creditors, as descriptive of the persons in whose favor the statute declares a bulk sale fraudulent and void, is usually not restricted to any particular class of creditors, but includes all persons who are creditors of the seller at the time of sale, although their claims have not been reduced to judgment, or were not due, and although they were not creditors for merchandise, but were merely general creditors of the seller in other trans-

actions": 27 C. J. 879.   Though not the subject of discussion in Pennsylvania, this thought has been approved by the appellate courts of other states: Fidelity & Co. v. Thomas, 133 Md. 270; Newcomb v. Montague, 205 Mich. 80; Touris v. Karantzalis, 156 N. Y. Supp. 526; Burnett v. Trimmell, 103 Kan. 130.   A mere verbal statement of nonliability by the vendor does not meet the requirements of the act: Feingold v. Steinberg, 33 Pa. Superior Ct. 39; Interstate Shirt Co. v. Windham, 165 Mich. 648; Fitzhugh v. Munnell, 92 Ore. 47.

The statute not having been complied with, it became the duty of the court to void the sale, and there followed the obligation to fix the value of the goods which had been illegally transferred.   On sufficient evidence it found this to be $4,000, and the conclusion, being supported by the testimony, is controlling on us.   The complainants filed their bill within the time fixed by law (Gibbon v. Arronson, 80 Pa. Superior Ct. 36) and made out a case which justified the order made by the court below.

Without referring specifically to the assignments of error, all are overruled.

The decree is affirmed at the cost of the appellant.