## BUTLER BROTHERS, Appellants, v. MASON et al, Respondents.

### (198 N. W. 560.)

(File No. 5432.   Opinion filed April 28, 1924.)

1.   **Fraudulent Conveyances—Bulk Sales Law—Sales—Conveyance in Violation of Bulk Sales Law Void.**

A sale in wilful violation of Bulk Sales Law (Rev. Code 1919, Secs. 914-921) is void.

2.   **Fraudulent Conveyances—Bulk Sales Law—Notice — Notice to Creditors Under Bulk Sales Law Essential to Good-Faith Status of Purchaser; "Good-Faith Purchaser."**

For one to be a good-faith purchaser within Bulk Sales Law (Rev. Code 1919, Sec. 916), he must have given the seven days' notice to creditors required by section 914, and, where but four days elapsed from the time of making the contract

and final payment thereunder, the purchaser was not a good-faith purchaser, though he assumed the debts due creditors to whom the notices should have been given.

3. **Fraudulent Conveyances—Bulk Sales Law—Written Declaration of Seller Held Insufficient Compliance with Requirement of List of Creditors.**

A written declaration by the seller of a stock of merchandise and fixtures that he was not owing any person, company or firm any amount whatever, for and on account of said stock or fixtures, held too qualified and restricted to satisfy the statute requiring a list of names of all creditors.

Appeal from Circuit Court, Douglas County; HON. R. B. TRIPP, Judge.

Action by Butler Bros., a corporation, against C. W. Mason and B. W. Burnett. From a judgment for the last-named defendant, plaintiff appeals. Reversed and remanded.

*Walker & Gurley,* of Armour, for Appellant.

*E. P. Wanzer,* of Armour, for Respondent.

(2) To point two of the opinion, Appellant cited: Tackaberry Co. v. Bank, 39 S. D. 185; Stuart v. Elkhorn Bank and Trust Co. (Ark.), 185 S. W. 263, Ann. Cas. 1918A, 268; Albright v. Stockhill, 175 N. W. 252; Daly et al v. Sumter Drug Co. et al, Ann. Cas. 1914B; Pennel v. Robinson et al, Ann. Cas. 1915D; Interstate Shirt & Collar Co. v. Windham (Mich.), 131 N. W. 102; Fitzhugh v. Munnel, 92 Ore. 47, 179 Pac. 679.

Respondent cited: International Silver Co. v. F. H. Hull et al, 78 S. E. 609, 45 L. R. A. (N. S.) 492.

GATES, J. Defendant Mason sold his mercantile business, stock, fixtures, store building, and lot to defendant Burnett. Plaintiff, a creditor of Mason, asked for judgment against both defendants. Recovery against Burnett was predicated upon the allegation that in so far as the sale of the stock and fixtures was concerned the Bulk Sales Law (sections 914-921, Rev. Code 1919) was not complied with. Defendant Burnett only was personally served with process. The trial court made findings of fact and therefrom concluded that defendant Burnett was entitled to a dismissal of the action upon its merits. From the judgment so entered the plaintiff appeals. The question before us is whether the findings of fact support the judgment.

The findings of fact disclose that a written contract was entered into between seller and purchaser on August 20, 1921, calling for a "down" payment of $200, which was paid. The contract also showed that the seller was indebted to one Perry for the building and lot in the sum of $3,700, and to the Armour State Bank in the sum of $500, both of which items of indebtedness the purchaser assumed as a part of the consideration. The findings further show that a bill of sale of the merchandise and fixtures was executed and delivered on August 22, 1921, and that on August 24, 1921, the balance of the consideration was paid. The findings further recite:

"V. * * * That on the 24th day of August, 1921, and at the time of the final settlement between Mason and Burnett, the defendant Mason, upon demand from Burnett as to whether he had any creditors or not, executed and delivered to the said Burnett the following statement in writing:

"'Armour, South Dakota.   August 24, 1921.

"'I, C. W. Mason, of Armour, South Dakota, the party who has this day sold and delivered to B. W. Burnett my entire stock of merchandise and fixtures contained in my Photograph Building at Armour, South Dakota, on lots 11 and 12 in block 8 of said city, do hereby state that I am not owing any person, company or firm any amount whatever for and on account of said stock or fixtures.

"'I make this statement under the requirements of section 918 of the 1919 Revised Code, South Dakota.     C. W. Mason.'

"VI.   That thereupon Burnett paid to Mason the balance of the purchase price, to-wit, the sum of $1,279.05, by paying to Mason the sum of $779.05 in cash, and assuming an indebtedness of $500 to the Armour State Bank, whereupon Burnett took possession of said business and continued to run and operate it at the same location as before such transfer.

"VII.   That the defendant Burnett made inquiry and investigation to ascertain whether the defendant Mason owed any person, firm or corporation anything and was unable to ascertain that he was indebted to the plaintiff or any one else; that at the time of closing the deal with the defendant Mason, the defendant Burnett had no knowledge, notice or information that the defendant

Mason was indebted to plaintiff or any one else in any sum or amount whatever.

"VIII.   That the defendant Burnett was a purchaser of said stock of and from the defendant Mason in good faith and for a valuable consideration."

The Bulk Sales Law (section 915) provides that the purchaser is a trustee of the property for the use of the seller's creditors.   Wm. Tackaberry Co. v. German State Bank, 39 S. D. 185, 163 N. W. 709.   It is only when the purchaser is one in good faith as defined in section 916 that he ceases to be such trustee as to unknown creditors.   Section 916 provides:

"Every purchaser or person exchanging for such stock or fixtures, complying with the foregoing provisions shall, in the absence of proof of fraud or collusion, be deemed a purchaser in good faith."

[1]   Therefore one essential ingredient in the definition of a good-faith purchaser is that he shall comply with sections 914, 915 and 916.   Section 918 requires the seller to furnish the purchaser with a written list of creditors and prohibits him from accepting payment until such list is given.   Section 919 provides a penalty upon the seller for making a false list.   Section 914 requires the purchaser to notify each creditor whose name is contained in the list that he is about to purchase the property.   Such notice must be given at least seven days prior to paying for the property.   A sale in willful violation of the act is void.   Brown v. Kossove, 255 Fed. 806, 167 C. C. A. 134.

It is urged by appellant that the purchaser did not give the notice to creditors; that it was the purchaser's duty to give the notice to creditors Perry and the Armour State Bank notwithstanding the fact that he assumed those debts and that the written declaration set forth in finding V that the seller was not indebted to any one "on account of said stock or fixtures" was not a compliance with the law and that the purchaser had no right to rely thereon.

Respondent urges that the findings do not show that notice to creditors was not given; that in view of the recitals in the declaration contained in finding V it will be presumed that notice was given; that it was not the duty of the purchaser to demand

a list of creditors; that he had the right to rely upon the written declaration; that he did not fail to comply with the act and was therefore a good-faith purchaser.

[2]    The findings of fact do not expressly recite that Burnett did not give notice to Mason's creditors, but on the other hand they do not recite that he did. If he did, the findings should have so recited, because in order to be a good-faith purchaser he must have complied with the act. But he could not have given the seven days' notice required by the act, because he paid over the balance on the fourth day after the contract was made and on the very day that he received the qualified written declaration from the seller that there were no creditors on account of the stock or fixtures. We think therefore that it is a fair inference from the findings that no notice to creditors was given and that the purchaser in order to comply with the law should have given the seven days' notice to the creditors Perry and the Armour State Bank, even though he assumed such debts, and that the latter portion of finding VII conflicts with the other findings in so far as those two creditors were concerned.

In Stuart v. Elkhorn Bk. & Tr. Co., 123 Ark. 285, 185 S. W. 263, Ann. Cas. 1918A, 268, the court said:

"Here there was no list furnished for the time required by law, nor was the notice given as required by law to those creditors whose names were furnished. This failure is not excused by the fact that appellant assumed, and has paid, all those creditors of whom he had knowledge. The very purpose of the act is to give publicity to those who have the right to know of intended sales by insolvent debtors and to prevent clandestine and quickly made sales. It is highly probable that if notice is given for the time and in the manner required by the act to the creditors whose names are furnished, that persons interested, although not, in fact, notified, may learn, through commercial agencies or otherwise, of the debtor's contemplated action. It is true, of course, that all creditors may not become so advised, but the chances of fraudulent sales being committed will be greatly minimized if the law is complied with. The law only requires of the purchaser that he comply with its provisions and, when he has done so, he is absolved from liability to any creditor who may not have received notice. Not having complied with the law, appellant cannot ex-

cuse his liability by showing that he knew nothing of appellee's claim."

[3]   Respondent's contention that the purchaser was not obligated by the act to demand a list of creditors from the seller is literally true, but we are told that "the letter killeth but the spirit giveth life." 2 Cor. 3-6.  The obvious answer to respondent's contention is that respondent was under no obligation to purchase the property if the seller did not comply with the law.   It seems to us too plain for argument that a declaration by the seller that he is not owing any one "on account of said stock or fixtures" utterly fails to comply with the statute which requires a list of names of all creditors.  Fitzhugh v. Munnell, 92 Or. 47, 179 Pac. 679.   The clear intent of the act is that if there are no creditors the seller shall so state in writing.  The purchaser when tendered such partial declaration should have refused it, and, in order to protect himself, should have refused to complete the purchase until he received a list of all creditors or a declaration in writing that there were none.  Surely this must be so, else a purchaser would be protected even though the seller neither furnished a list of creditors nor a statement that there were none.  No one would for a moment contend that a purchaser under such a situation could be a purchaser in good faith.  Nor should one be permitted to successfully contend that the present purchaser, receiving the qualified and restricted declaration, was a purchaser in good faith. The very limitation in such declaration was at the very least an intimation that there might be creditors other than on account of the stock or fixtures.  Wm. Tackaberry Co. v. German State Bank, supra; Stuart v. Elkhorn Bk. & Tr. Co., 123 Ark. 285, 185 S. W. 263, Ann. Cas. 1918A, 268; Daly v. Sumpter Drug Co., 127 Tenn. 412, 155 S. W. 167, Ann. Cas. 1914B, 1161; Pennell v. Robinson, 164 N. C. 257, 80 S. E. 417; Ann. Cas. 1915D, 77; Interstate Shirt & Collar Co. v. Windham, 165 Mich. 648, 131 N. W. 102; Albright v. Stockhill, 208 Mich. 468, 175 N. W. 252.

We are convinced from the findings that Burnett was not a purchaser in good faith; that finding VIII is contradicted by other findings; and that the findings of fact do not sustain the judgment.

The judgment is reversed and the cause remanded for further proceedings in harmony herewith.

Note.—Reported in 198 N. W. 560. See, Headnote (1), American Key-Numbered Digest, Fraudulent conveyances, Key-No. 47, 27 C. J. Sec.. 885; (2) and (3) Fraudulent conveyances, Key-No. 47, 27 C. J. Sec. 891.

On rights between parties to sale in violation of Bulk Sales Law, see note in 5 A. L. R. 1517.

On constitutionality of bulk sales legislation generally, see notes in 2 L. R. A. (N. S.) 331; 20 L. R. A. (N. S.) 160; L. R. A. 1915E, 917.

For Uniform Bulk Sales Law, see Rev. Code 1919, Sec. 914, et seq.