H. C. BAY COMPANY et al, Respondents, v. RIDNOUR,
Defendant (Costain et al, Appellants). ·

(206 N. W. 463.)

(File No. 5308.   Opinion filed December 9, 1925.)

1.  **Fraudulent Conveyances—Bulk Sales Law—Purchaser of Stock.
of Merchandise Not Complying with Bulk Sales Act Proceeds.
at His Peril.**

Under Rev. Code 1919, Secs. 914, 918, buyer of part of stock
of merchandise not in regular course of seller's business, who
fails to receive written list of seller's creditors or written
declaration that seller has no creditors, proceeds at his peril,
though seller failed or refused to give list.

2.  **Fraudulent Conveyances—Trusts—Purchase of Stock of Mer-·
chandise Not Complying with Bulk Sales Act Held Void as to
Seller's Creditors Without Notice of Sale; Buyers Liable as.
Trustees.**

Under Rev. Code 1919, Secs. 914, 1918, purchase of part of
stock of merchandise by buyer, who paid entire price on date
of sale without receiving list of creditors, was void as to cred-
itors without notice of sale, and buyers were liable to such
creditors as trustees.

3.  **Evidence—Common Knowledge—Common Knowledge That Some
Men Will Freely Make Statements That They Would Not Re-
duce to Writing.**

It is common knowledge that some men will freely make.
statements that they would not reduce to writing.

4.  **Fraudulent Conveyances—Bulk Sales Law—Liability of Buyers
of Part of Stock of Merchandise Failing to Compy With Bulk
Sales Act Stated.**

Where buyers not complying with Bulk Sales Act paid part
of proceeds to certain creditors, buyers were liable to seller's.
unpaid creditors only for difference between such sum and
purchase price, plus 7 per cent interest from date of sale.

Appeal from Circuit Court, Beadle County; HON. ALVA E..
TAYLOR, Judge.

Action by the H. C. Bay Company and others against A. J.
Ridnour and George Costain and another, doing business under
the firm name and style of Costain Bros. Judgment for plaintiffs,.
and defendants appeal. Judgment modified, and, as so modified,.
affirmed.

*Gardner & Churchill,* of Huron, for Appellants.
*Crawford & Crawford,* of Huron, for Respondents.

(1)   To point one of the opinion, Respondent cited:   Tackaberry v. German State. Bank, 39 S. D. 185, 20 Cyc. 655; Fitz-Henry v. Munter (Wash.), 74 Pac. 1003; Kohn v. Fishback ('Wash.), 78 Pac. 199; Escalale v. Mark (Nev.), 183 Pac. 387; Linn County Bank v. Davis (Kan.), 175 Pac. 972; Peck v. Hibben (Ind.), 114 N. E. 216; Stuart v. Elk Horn Bank & T. Co. (Ark.), 185 S. W. 263; Re Calv, 195 Fed. 642; Marquette Savings Bank v. Koivisto (Mich.), 127 N. W. 680; Hanna v. Hurley (Mich.), 127 N. W. 710; Interstate Shirt & Collar Co. v. Windham '(Mich.), 131 N. W. 102; Scheve v. Vonderkolk (Neb.), 149 N. W. 401; Peoples Savings Bank v. Van Allsburg (Mich.), 131 N. W. 101; Interstate Rubber Co. v. Kaufman (Neb.), 153 N. W. 585; Minneapolis Drug Co. v. Keairnes (N. D.), 167 N. W. 326.

(2)   To point two, Appellant cited:   Coach v. Gage (Ore.), 138 Pac. 847; Silver Co. v. Hull (Ga.), 45 L. R. A. (N. S.) 492; Johnson Co. v. Washburn (Ala.), 74 So. 461; Spokane Merchants, Assn. v. Kosha (Wash.), 203 Pac. 969; McKelvey v. Drug Co. (Ark.), 220 S. W. 827.

(4)   To point four, Appellant cited:   Fecheimer-Keifer v. Burton (Tenn.), 164 S. W. 1179; Bank v. Davis (Kan.), 176 Pac. 972, 27 C. J. 886.

SHERWOOD, J.   This action was brought by plaintiffs (respondents here), as creditors of one Ridnour, against Ridnour and Costain Bros. for alleged violations of what is commonly called the Bulk Sales Law (Rev. Code 1919, § 914 et seq.).   Findings and judgment. were in favor of respondents, and defendants Costain Bros. appeal.   No record was settled.   The appeal is from the judgment alone.

It is appellants' contention that the trial court erred in its second and third conclusions of law:

(1)   In holding. them trustees in the disbursement of the purchase price of the stock of merchandise regardless of whether the Bulk Sales Law had been complied with or not.

(2)   In holding appellants liable as trustees to creditors of whom they had no knowledge.

The second and third conclusions of law are as follows:

"Second.   That the purchase price for which said stock of merchandise and fixtures was sold to the defendants George Cos-

tain and Herbert Costain, copartners trading as Costain Bros., on the 28th day of October, 1919, to wit, the $2,095 paid to the defendant A. J. Ridnour at the consummation of said sale by the delivery of said stock in bulk to said purchasers, became a trust fund charged with a trust in favor of the creditors of the defendant A. J. Ridnour, regardless of whether or not the provisions of the Bulk Sales Law in relation to the giving of notice had been complied with, and the defendants George Costain and Herbert Costain, as purchasers, were charged with notice that it was such trust fund and were charged with notice that they held such fund subject to the rights of any unpaid creditors of A. J. Ridnour, regardless of whether they knew of the existence of such creditors or not; and they paid the said fund to A. J. Ridnour and the Baldwin Piano Company at their peril. That payment to the defendant A. J. Ridnour or the Baldwin Piano Company in no way discharged their liability, as trustees, by operation of the statute, to the creditors of the defendant, A. J. Ridnour.

"Third. That the plaintiffs, H. C. Bay Company, a corporation, George L. Shall, Arwall Factories, Deterling Manufacturing Company, a corporation, P. S. Wick Company, a corporation, and M. T. Lund, are entitled to recover a judgment in this suit, adjudging that the defendants George Costain and Herbert Costain, as trustees, are indebted to the unpaid creditors of the defendant A. J. Ridnour, whose claims existed on the 28th day of October, 1919, for the full amount now due and unpaid thereon, not exceeding, however, the agreed purchase price for which said stock of merchandise was sold to said purchasers, to wit, the sum of $2,095 and interest thereon from the 28th day of October, 1919, and directing said defendants to pay said amount to the clerk of this court to be paid out by him as this court shall direct, to satisfy the claims of said creditors, together wth the costs of this suit, and such expenses and attorney's fees as may be allowed by the court for maintaining this action to recover said trust fund."

This appeal makes it necessary for us to construe several sections of the Bulk Sales Law and apply the same to the facts found by the court. The law, as far as applicable here, provides, in substance:

That every person selling any portion of a stock of merchandise, other than in the ordinary course of trade, shall furnish a

written list of all his creditors containing: (a) The post office address of each creditor. (b) The amount due each creditor. (c) A statement that such purchaser shall notify each creditor therein named personally or by registered mail at the address given that he has purchased or is about to purchase such stock of merchandise, describing the same generally and giving name of owner and location thereof. (d) Such list must be given by the seller before accepting any payments. Section 918, R. C. 1919.

That any person buying in bulk the whole or any part of a stock of merchandise shall (a) notify personally, or by registered mail, each creditor whose name is contained in the list furnished by the seller that he is about to purchase such stock, describing it generally and by location and name of owner; (b) that such notice shall be mailed or given not less than 7 days prior to paying for such stock: (c) that any creditor omitted from seller's list may give written notice of his claim, and shall thereafter be entitled to share equally with the other creditors as to such proceeds of sale as are then held by the buyer. Section 914, R. C. 1919.

In the findings of fact, all of which are unchallenged, it appears: That on October 28, 1919, one Gormly, agent for the Baldwin Piano Company, was in Huron. That Ridnour owed said company on account $1,246.66, and had besides in his store a consignment of pianos from said company, to be paid for when sold, of the value of $1,900, and also had in his stock of goods certain phonographs bought of the Mocking Bird Phonograph Company. That Gormly had the consigned pianos segregated from the Ridnour stock of goods. That Gormly told Costain Bros. he had investigated and found Baldwin Piano Company was Ridnour's principal creditor. That outside a recent shipment of goods from the Mocking Bird Phonograph Company he owed no other debts. That he had bought most of his goods C. O. D. That arrangements could be made to return to Mocking Bird Phonograph Company the goods bought of them. That Costain Bros. asked Didnour whom he owed, and were told by him he only owed the Baldwin and Mocking Bird Companies, as all other goods were shipped C. O. D. or settled for. That Costain Bros. believed these statements, and acted on them. That said statements were untrue. That on the same day Ridnour shipped back to

Mocking Bird Phonograph Company their goods, and Costain Bros. bought the balance of the Ridnour stock in bulk, and paid him $2,095 in cash therefor, and bought the consigned pianos and paid the Baldwin Company $1,900 in a note therefor, and, still on the same day, took all said property into their possession and converted it to their own use. Out of the money received from Costain Bros., Ridnour paid his account to the Baldwin Company in the sum of $1,246. The court further finds the stock was sold to the Costain Bros. in bulk. That Ridnour did not furnish Costain Bros., and was not requested to furnish them, a written list of all his creditors with addresses and amounts due. That he furnished them no written list whatever. That Costain Bros. wholly failed to notify plaintiff creditors in any manner that they were about to purchase these goods. That none of the plaintiffs, except Lund, had any notice of the sale until long after 7 days from its date had expired, and Lund had no notice of it until after the sale and delivery was completed. .

[1, 2] If we assume from the above facts found by the court that either Gormly or Ridnour had authority to act for the Mocking Bird Phonograph Company, and notice to them was notice to such company, or that they are estopped by receiving back their goods without objection, neither of which facts affirmatively appear of record, it is still clear from these findings and the summary of the Bulk Sales Law here given that Costain Bros., in purchasing said stock in bulk, failed to observe at least two provisions of the Bulk Sales Law. Knowing Ridnour had at least two creditors and was being pressed for settlement by one: (1) They proceeding with the purchase without receiving a written list of all his creditors. (2) They paid Ridnour in cash on the day of the sale, and on the first day any possible notice to any creditor could be given, the entire purchase price, instead of waiting 7 days, as provided by law.

These are requirements of the law it was the duty of Costain Bros. to observe. Section 914, R. C. 1919; Butler Bros. v. Mason, 47 S. D. 308, 198 N. W. 560; Linn County Bank v. Davis, 103 Kan. 672, 175 P. 972, 9 A. L. R. 468; Peck v. Hibben, 185 Ind. 623, 114 N. E. 216; Stuart v. Elk Horn Bank & Trust Co., 123 Ark. 285, 185 S. W. 263, Ann. Cas. 1918A 268; Coach v. Gage, 70 Or. 182, 138 P. 847; Brown v. Kossove. 255 F. 806,

167 C. C. A. 134. While it is true, as appellant points out, that our statute does not expressly provide that the buyer demand of the seller a list of his creditors, we think it is the clear purpose and intent of the law that the buyer shall not in any case proceed with the purchase without having received a written list of the seller's creditors or a written declaration by the seller that he has no creditors; and if he chooses to proceed without such written list or declaration he does so at his peril. In other words, he cannot excuse his own failure to wait until he received the list by showing the seller volated the law by failing or refusing to give the list.

[3] It is common knowledge that some men will freely make statements they would not reduce to writing, and, where the law requires a statement of this character to be in writing, one who chooses to take the word of another where the law authorizes him to receive a written statement does so at his peril.

One of the purposes of the Bulk Sales Law was to prevent secret and hurried sales. It was clearly a violation of the 7 days' notice provision of the statute to buy and settle for the goods in full on the same day under all the facts found in this case.

We hold that the failure of appellants to comply with the Bulk Sales Law in the two particulars above set forth rendered the sale to them void as to Ridnour's creditors, who had not notice of the sale, and made them liable as trustees up to the amount of $2,095.

[4] As judgment must be affirmed against Costain Bros., it remains for us to consider the amount of such judgment. We think the $1,246 paid by Costain Bros. to Ridnour, and by Ridnour to Baldwin Piano Company, was a part of the indebtedness of Ridnour on the date this sale was made, and that that amount should be added to the indebtedness found by the court to have been due the other creditors of Ridnour as of the date when the sale was made and Costain Bros. should be subrogated to such part of the 2,095 as the $1,246 bore to the entire indebtedness on the date of the sale and Costain Bros. should only account for and pay over the difference between this sum and $2,095 to the other creditors, together with interest on such difference at 7 per cent from the date of the sale.

Under the views above expressed, we think that the other question raised in the third assignment of error as to the disposition to be made of the proceeds and the costs to be taxed is one in which the appellants Costain Bros. have no interest; that it is entirely a moot question so far as this case is concerned, and should not be considered by this court.

The judgment of the lower court will be modified to conform with this opinion, and, as so modified, is affirmed.

Note.—Reported in 206 N. W. 463. See, Headnote (1), American Key-Numbered Digest, Fraudulent Conveyances, Key-No. 47, 27 C. J. Sec. 891; (2) Fraudulent Conveyances, Key-No. 47, 182(5), 27 C. J. Sec. 892; (3) Evidence, Key-No. 14, 23 C. J. Sec. 1810; (4) Fraudulent Conveyances, Key-No. 182(2), 27 C. J. Sec. 892.