HARMEYER ET AL. *v.* REID, MURDOCH & CO.

(Decided April 4, 1932.)

*Mr. Maurice A. Thorn,* for plaintiff in error Stern.
*Messrs. Gutting & Kearns,* for defendant in error.

ROSS, P. J. This action originated in the municipal court of Cincinnati, wherein a demurrer was filed to the bill of particulars, and sustained. The plaintiff, Reid, Murdoch & Co., not desiring to plead further, judgment was entered for the defendants.

The case was taken on error to the court of common pleas of Hamilton county, which court reversed the judgment of the municipal court of Cincinnati, and remanded the case for trial.

The case is now presented to this court on error to the judgment of reversal of the court of common pleas.

The bill of particulars sets out that the plaintiff is a foreign corporation, with its principal place of business in Chicago; that one of the defendants is indebted to it for goods sold and delivered; that the other defendant purchased the fixtures and entire stock of goods in bulk from its debtor, a co-defendant, without complying with the provisions of the "Bulk Sales Law of Ohio." (Section 11102 *et seq.*, General Code.) There is no allegation that such fixtures or goods were located in Ohio or subject to Ohio law.

The prayer of the bill of particulars is as follows: "Wherefore, plaintiff prays that judgment be rendered in its favor in the sum of Ninety-three and 44/100 Dollars ($93.44) with interest at the rate of six per cent (6%) from April 5, 1930; that the said Leo Stern be declared to be a trustee and accountable to the plaintiff, and all other creditors who may intervene within ninety (90) days from the date of the said sale to the said Leo Stern, for said assets."

No judgment had been obtained by the plaintiff, and the provisions of Sections 1558-6 and 1558-6a, General Code, are inapplicable. The proceeding was not ancillary or supplemental to any proceeding of which the municipal court of Cincinnati had jurisdiction. The provisions of Section 1558-7, General Code, are therefore inapplicable.

The proceeding under the Bulk Sales Law (Section 11103-1, General Code), to have the purchaser declared a trustee has been held to be a case in chancery. 2 Ohio Jurisprudence, 116, Section 83; *Romeo & Co., Inc., v. Nassif*, 7 Ohio App., 382.

This case therefore not being one of those of which the municipal court has been given jurisdiction in chancery is outside of the jurisdiction of the municipal court, and the demurrer was properly sustained.

The judgment of the court of common pleas of Hamilton county, reversing the judgment of the municipal court, will be reversed, and the judgment of the municipal court will be affirmed.

*Judgment reversed.*

HAMILTON and CUSHING, JJ., concur.