NEW FIRST NATIONAL BANK IN DELL RAPIDS,
Appellant, v. LIGHT, et ux, Respondents.

(244 N. W. 369.)

(File No. 7359. Opinion filed October 4, 1932.)

*Theodore R. Johnson,* of Sioux Falls, and *Zimmerman & Nesbit,* of Dell Rapids, for Appellant.

*Doyle & Mahoney* and *Frank Vust,* all of Sioux Falls, for Respondents.

RUDOLPH, J. On December 15, 1930, the plaintiff commenced an action against the principal defendants seeking to recover upon a certain promissory note and to foreclose a mortgage upon certain property in Dell Rapids, S. D., securing the note. On February 28, 1931, the circuit court entered a judgment against the defendants and decreed a foreclosure of the mortgage. The property was sold by the sheriff of Minnehaha county, and on April 22, 1931, a deficiency judgment was entered against the defendants. The defendant Nathan Light was the owner of two stocks of merchandise, one located in Dell Rapids and the other in Egan, S. D., at the time the foreclosure proceedings were commenced. On May 29, 1931, this present proceeding was commenced, directed against the garnishee defendants, or the theory that the garnishee defendants had purchased from the principal defendant Nathan Light the two stocks of merchandise, hereinabove referred to, without complying with the provisions of the Bulk Sales Law (sections 914 to 921, R. C. 1919). The appellants contend that the garnishee defendants having failed to comply with

the bulk sales law, when they purchased these stocks of merchandise, rendered themselves liable to this plaintiff in garnishment. The garnishee defendants denied liability, which was traversed, and upon the issues thus joined a trial was held. The circuit court entered findings of fact, and found that in the sale of the stock of merchandise by the principal defendant to the garnishee defendant Weiss the provisions of the Bulk Sales Law had been complied with. Among these findings of fact is the following: "That the said Benjamin Weiss did hold the consideration therefor in trust and did not pay the same or any part thereof to said Nathan Light." This finding of fact, as made by the trial court, is specifically challenged by the appellant as not being sustained by the evidence. The evidence upon this point, and the only evidence relative thereto, is abstracted as follows:

"Prior to February 21, 1931, I did not own any property in Dell Rapids. On that date I purchased the merchandise and fixtures in the Nathan Light Stores in Dell Rapids and Egan, South Dakota. Nathan Light owed me some money at that time. It was $6,500.00. It was for cash I had loaned him from time to time. I did not have any security for that cash—just notes. I turned the notes over to Nathan Light when the property was turned over to me. I paid Nathan Light $500.00 in cash besides cancelling the $6,500.00 debt he owed me. I did not pay him anything else but the $500.00. I took the property on that basis.

"Q. Do you remember what date you paid that $500.00 to Nathan Light? A. Well, about the time the sale was made.

"Q. That was around the 21st day of February? A. Yes.

"Q. And this $6500.00 he owed you—you just struck that off? A. I returned the notes to him. It was all done at the same time."

The bills of sale transferring the property from Nathan Light to Benjamin Weiss were both dated the 21st day of February, 1931, and filed in the office of the register of deeds of Minnehaha county on the 24th day of February, 1931.

The foregoing testimony and facts are undisputed, and is the only evidence in the record pertaining to the time when payment was made by Weiss to Light for the goods in question. It is undisputed from this record that the bills of sale were delivered, and the property transferred, and payment made therefor

all as one transaction. We find no support in the record, for the finding above set out, to the effect that Benjamin Weiss held the consideration in trust and did not pay the same or any part thereof to the said Nathan Light. The record in every particular contradicts this finding. Weiss, himself, testified: "It was all done at the same time." This court has consistently held that a sale in willful violation of the act is void as to the creditors. Butler Bros. v. Mason, 47 S. D. 308, 198 N. W. 560; Knittle v. Ellenbusch, 38 S. D. 22, 159 N. W. 893; Bay Company v. Ridnour, 49 S. D. 27, 206 N. W. 463. Further, that it is a violation of the Bulk Sales Act to pay over to the seller any sum due him, prior to the expiration of the seven days' notice required to be given to the creditors under the provisions of section 914, R. C. 1919. Butler Brothers v. Mason, supra; Bay Company v. Ridnour, supra. Therefore, under the facts as disclosed, we are of the opinion that Weiss was not a good faith purchaser within the provisions of the bulk sales act.

■ ■ The respondent further contends that Weiss in turn transferred these two stocks of merchandise to the garnishee defendant Nathan Light Stores, Incorporated, and that the plaintiff has no right to pursue the property in the hands of this corporation. The facts disclose that this corporation was organized April 1, 1931, and on that day took over the two stocks of merchandise; that the garnishee defendant Weiss, who purchased the two stocks of merchandise from the principal defendant Light, is the president of the Nathan Light Stores, Incorporated, and is one of its directors. The corporation, therefore, through its president, knew of the failure to comply with the Bulk Sales Law when Weiss purchased the stocks of goods from Light. The rule is without exception, so far as we are able to determine, that a subsequent purchaser knowing of the failure of the original purchaser to comply with the provisions of the Bulk Sales Law when making the original purchase, takes the property subject to the same rights of creditors as the original purchaser. 27 C. J. 887; William Tackaberry Company v. German State Bank, 39 S. D. 185, 163 N. W. 709.

The judgment and order appealed from are reversed.

CAMPBELL, P. J., and POLLEY, ROBERTS, and WARREN, JJ., concur.