## Blau, etc., v. Richman et al.

*Martin Silvert*, for plaintiff.
*David Kanner*, for defendants.

SMITH, P. J., September 27, 1938.—This matter comes before us on preliminary objections to a bill of complaint. The bill of complaint asks that a sale in bulk made by defendant Harry Feinstein to defendant Morris Richman be set aside because plaintiff, a business broker, who alleges he brought the parties together, had not as a creditor for commissions due him by Feinstein received notice

of the sale in accordance with the terms of the Bulk Sales Act of May 23, 1919, P. L. 262.

The sole question is whether plaintiff, as a broker claiming commissions from the vendor at the rate of 10 percent of the gross sale price, is a creditor within the terms of the said act, or whether the status of a creditor is restricted by the act to those who sold merchandise or fixtures to the vendor or who loaned money to the said vendor in order that his business might be carried on.

Section 1 of the Act of 1919, supra, provides that the vendor shall furnish to the vendee "the names and addresses of all the creditors of the said vendor to whom said vendor may be indebted". This list is not restricted to those who are creditors for the sale of merchandise or fixtures to the vendor but specifically provides for notice to all creditors of the vendor.

The bill of complaint avers that there was an oral agreement between plaintiff and Feinstein that if plaintiff procured a purchaser for Feinstein's meat and grocery business, he, Feinstein, would pay to plaintiff 10 percent of the gross sale price as a commission, and that on or about April 8, 1938, plaintiff procured one Morris Richman, also known as Moe Richman, the other defendant, and introduced him to Feinstein as a prospective purchaser of the said meat and grocery business of the said Feinstein; and that as a result of the said efforts of plaintiff, the said Richman purchased the said meat and grocery business of the vendor Feinstein from him for the purchase price of $2,600 which made the said plaintiff a creditor of the said Feinstein in the sum of $260.

The bill also avers that the said Feinstein failed to furnish the said Richman with a list of the names and addresses of his creditors including plaintiff, and that defendant Richman failed to send plaintiff a written notice of the sale in bulk in accordance with the provisions of the said act of assembly.

The moment that the said plaintiff complied with all the terms of the alleged oral agreement with Feinstein

and brought Richman to him, he became a creditor of Feinstein and upon a sale, the other defendant Richman became a receiver of the fair value of the stock, fixtures, and equipment of the said meat and grocery business. The two defendants failed to comply with the statute governing such cases. The act aforesaid was meant to include all creditors of the vendor and does not restrict creditors to any definite class. Plaintiff was a creditor.

In the case of George H. West Shoe Co. et al. v. Lemish et al., 279 Pa. 414, Mr. Justice Sadler said (pp. 417-18):

"In the present case, the buyer pleads protection by reason of the affidavit, which, set forth that the only bills outstanding were 'sundry' accounts, and he claimed to have been advised that this statement included only the telephone and grocery bills of Simpson. This assertion was evidently untrue, as shown by proof of liability to merchandise creditors who joined in the present proceedings. Certainly, the averment made was insufficient as a shield to the purchaser, there having been a failure to set forth the names and addresses of those who were the holders of the bills referred to. 'The term creditors, as descriptive of the persons in whose favor the statute declares a bulk sale fraudulent and void, is usually not restricted to any particular class of creditors, but includes all persons who are creditors of the seller at the time of sale, although their claims have not been reduced to judgment, or were not due, and although they were not creditors for merchandise, but were merely general creditors of the seller in other transactions': 27 C. J. 879. Though not the subject of discussion in Pennsylvania, this thought has been approved by the appellate courts of other states: Fidelity & [Deposit] Co. v. Thomas, 133 Md. 270; Newcomb v. Montague, 205 Mich. 80; Touris v. Karantzalis, 156 N. Y. Supp. 526; Burnett v. Trimmel, 103 Kan. 130. A mere verbal statement of nonliability by the vendor does not meet the requirements of the act: Feingold v. Steinberg, 33 Pa. Superior Ct. 39; Interstate Shirt Co. v.

Windham, 165 Mich. 648; Fitzhugh v. Munnell, 92 Ore. 47."

### Decree

And now, to wit, September 27, 1938, it is hereby ordered and decreed that the bill of complaint be sustained and the preliminary objections thereto be dismissed.