### MARNET OIL & GAS CO. v. STALEY et al.†

(Circuit Court of Appeals, Fifth Circuit. November 30, 1914.)

#### No. 2610.

1. PARTNERSHIP (§ 5*)—FORMATION—CONTINUANCE OF BUSINESS.
     Where complainant corporation was formed and acquired the interest of one of the partners of a firm, and thereafter the corporation and defendant, who had charge of and had been the managing partner of the previous firm, continued to carry on the business, both defendant and the corporation contributing property or the use of it to the joint enterprise, and it being understood that each should share in the profits and losses, and each recognized and treated the other as a partner, a partnership resulted, whether there was an express partnership agreement between them or not.
     [Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 15, 16; Dec. Dig. § 5.*
     Power of corporation to form partnership, see note to Wallerstein v. Ervin, 50 C. C. A. 131.]

2. PARTNERSHIP (§ 273*)—DISSOLUTION—ACCOUNTING—RIGHTS OF PARTNER.
     Where no period was fixed for the continuance of a partnership between complainant corporation and defendant, and it appeared that defendant had been guilty of misconduct which had seriously prejudiced the business, and that complainant had advanced a large amount more than its

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
† Rehearing denied January 5, 1915.

share of the money required for the operation of the business, complainant was entitled to a dissolution of the firm, and, after payment of firm debts, to an equitable lien on the firm's assets for what was due it from the firm, and also on defendant's interest in those assets for the amount of such overadvancement.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 620; Dec. Dig. § 273.*]

3. BANKRUPTCY (§ 149*)—PARTNERSHIP—ADJUDICATION AGAINST ONE PARTNER —ADMINISTRATION OF PARTNERSHIP AFFAIRS.

Under the express provisions of Bankr. Act July 1, 1898, c. 541, § 5, subsec. "h," 30 Stat. 548 (Comp. St. 1913, § 9589), where only one partner of a firm is adjudged a bankrupt, the bankruptcy court does not draw to itself the administration of the partnership estate, except by consent of the solvent partner, who, in the absence of such consent, is entitled to administer the partnership business, being required only to account to the bankrupt's trustee for the bankrupt's interest in the business as finally determined.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 229; Dec. Dig. § 149.*]

4. BANKRUPTCY (§ 149*)—PARTNERSHIP—ADJUDICATION AGAINST PARTNER— ADMINISTRATION OF PARTNERSHIP PROPERTY.

Where, on an adjudication of bankruptcy against a partner, the solvent partner did not consent to administration of the partnership property in the bankruptcy proceeding, nor waive its right to itself administer such property, the jurisdiction of the bankruptcy court was not enlarged, so as to cover the property of the firm, by the act of the bankrupt in surrendering to his trustee property belonging to the firm.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 229; Dec. Dig. § 149.*]

Appeal from the District Court of the United States for the Northern District of Texas; Edward R. Meek, Judge.

Action by the Marnet Oil & Gas Company against William H. Staley and others. From a judgment dismissing the bill without prejudice to complainant's right to file its claim by intervention in bankruptcy proceedings pending against defendant Staley, plaintiff appeals. Reversed and remanded.

Wm. J. McKie, of Corsicana, Tex., and Eugene Mackey, of New York City, for appellant.

George C. Greer, Frances Marion Etheridge, Joseph Manson McCormick, and Henri L. Bromberg, all of Dallas, Tex., and Richard Mays, L. B. Cobb, and Robert E. Prince, all of Corsicana, Tex., for appellees.

Before PARDEE and WALKER, Circuit Judges, and CALL, District Judge.

WALKER, Circuit Judge. The averments of the bill, as it was amended, show the following among other facts: In or about the year 1898, the defendant Staley and one Barnsdall formed a partnership for the mining of oil and gas mining lands, thereafter actively conducting and carrying on such partnership business, acquiring oil and gas lands, leases, and leaseholds, their respective interests in the several properties acquired not always being equal, and mining, developing, and operating the same in the firm name of Staley & Barnsdall;

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Staley all along having exclusive charge of and running and managing the partnership business, buying all material and incurring in the firm name the expenses of operating the business. While the management of that business continued so to be in the hands of Staley, the plaintiff, a corporation of the state of Delaware, having by the terms of its charter the power "of entering into partnership with persons, firms and other corporations for operating any of its oil and gas properties or pipe lines," acquired the interest of Barnsdall in the partnership property. After such acquisition by the plaintiff, Staley continued in the management of the business, accounted to the plaintiff for its share of the oil produced from the partnership property, and received from the plaintiff sums of money for use by him in the conduct of the partnership business, with the result that a large balance will be due to the plaintiff on a settlement of the partnership accounts. The bill alleges sundry acts of Staley in violation of the plaintiff's rights as partner, and seeks a dissolution and winding up of the partnership, the appointment of a receiver of the partnership property, and a decree ascertaining the balance due to the plaintiff on an accounting of the partnership business, and the declaration and enforcement of a lien for such balance on Staley's interest in the partnership property, and that such lien be declared superior to any rights acquired by the defendants Edens and the Corsicana Petroleum Company; each of them being shown by the averments of the bill to claim some interest in the partnership property. After the bill was filed, the defendant Staley was adjudged a bankrupt, and a trustee of his estate in bankruptcy was appointed, who took charge of some or all of the property of which Staley had had control as managing partner. By an amendment of the bill the trustee in bankruptcy was made a party defendant to it. Thereafter, on the motion of the defendants Corsicana Petroleum Company, J. N. Edens, and the trustee of Staley's bankrupt estate, to dismiss the bill, it was "dismissed without prejudice to complainant's right to file its claim by intervention or otherwise in the proceeding in bankruptcy, In re W. H. Staley, pending before the Honorable Eugene Marshall, one of the referees of this court, with costs to the defendant to be taxed." The plaintiff appealed from that decree, and seeks a reversal of it.

[1] It is not doubted that the averments of the bill as to the dealings between the plaintiff and Staley following the former's acquisition of an interest in the property which the latter theretofore had had charge of as the managing partner of a firm previously existing showed the existence of a partnership relation between them; each of them contributing property or the use of it to a joint enterprise, in the profits and losses of which each of them was to share, and each of them recognizing and treating the other as a partner. A partnership resulted from the carrying on of the business in such circumstances as clearly manifested an understanding between the parties concerned in it that there was to be a community of profits and losses among them, whether there was or was not an express agreement between them for the formation of a partnership. Sullivan v. Sullivan, 122 Wis. 326, 99 N. W. 1022; Paul v. Cullum, 132 U. S. 539, 10 Sup. Ct. 151, 33 L. Ed. 430;

Hatchett v. Blanton, 72 Ala. 423; Meaher v. Cox, Brainard & Co., 37 Ala. 201; Dwight v. Brewster, 1 Pick. (Mass.) 50, 11 Am. Dec. 133; 30 Cyc. 352. This conclusion does not require for its support a resort to any rule peculiarly applicable to mining partnerships, but certainly is not impaired by the circumstance that the joint venture which was engaged in was in fact one of that kind. Kahn v. Smelting Co., 102 U. S. 641, 26 L. Ed. 266; Bissell v. Foss, 114 U. S. 252, 5 Sup. Ct. 851, 29 L. Ed. 126; Loy v. Alston, 172 Fed. 90, 96 C. C. A. 578.

[2] It is not less free from doubt that the averments of the bill disclosed a case entitling the plaintiff to equitable relief, in that, without regard to other features of the state of facts disclosed, it was made to appear that the plaintiff was entitled to a dissolution of the partnership, because no fixed period for the duration of it had been agreed on, and also because of alleged misconduct of Staley which was seriously prejudicial to the business, and in that, by reason of the plaintiff's advancement of greatly more than its share of the money required for the operation of the business, it was entitled, after the payment of the firm debts, to an equitable lien on the firm assets for what was due to it from the firm, and also on Staley's interest in those assets for the amount of such overadvancement made by it; one of the objects of the bill being the enforcement of such asserted lien. Hoyt v. Sprague, 103 U. S. 613, 624, 26 L. Ed. 585; Donelson's Adm'r v. Posey, 13 Ala. 752; 30 Cyc. 700; Thornton on Oil & Gas Law (2d Ed.) § 323.

[3] As above indicated, it was after the jurisdiction of the District Court as a court of equity had been invoked by the filing of the bill in this case, and while this suit was pending, that Staley, the defendant partner, was adjudged bankrupt. There was no adjudication of bankruptcy against the partnership, or any member of it, other than Staley. The situation brought about by one member only of the partnership being adjudged bankrupt was one contemplated by subsection "h" of section 5 of the Bankruptcy Act, which is as follows:

"In the event of one or more but not all of the members of a partnership being adjudged bankrupt, the partnership property shall not be administered in bankruptcy, unless by consent of the partner or partners not adjudged bankrupt; but such partner or partners not adjudged bankrupt shall settle the partnership business as expeditiously as its nature will permit, and account for the interest of the partner or partners adjudged bankrupt."

The plain language of this provision negatives the existence of a right of the court as a court of bankruptcy to draw to itself the administration of the partnership estate when only one of the partners has been adjudged bankrupt, except in the event of the partner or partners not adjudged bankrupt consenting to its doing so. The right in such a case of a solvent partner to have the partnership business administered elsewhere than in bankruptcy is absolute unless waived by him. Collier on Bankruptcy (8th Ed.) 137. The provision by no means excludes the power of the bankruptcy court over the interest in the partnership property of the bankrupt member of the firm, after that interest, if any, shall have been ascertained and set aside. In the instant case the solvent partner did not waive its right to keep the administration of the partnership property out of the bankruptcy proceeding. On the contrary, prior to the institution of that proceeding

against one partner, the solvent partner had filed its bill for a dissolution of the partnership and a final accounting and settlement of the partnership affairs, and after the partner, who was a defendant in that suit, was adjudged bankrupt, continued the prosecution of that suit, thus plainly manifesting the purpose to have the partnership property administered elsewhere than in the bankruptcy proceeding, and at the time of the dismissal of its bill was actively invoking the aid of the court as a court of equity for the accomplishment of this purpose. The absence of the consent which was requisite to the existence of a right to administer the partnership property in the bankruptcy proceeding could not well have been more clearly manifested.

[4] The jurisdiction of the court as a court of bankruptcy was not enlarged by the act of the bankrupt in surrendering to the trustee in bankruptcy partnership property, theretofore in the bankrupt's charge as managing partner, which, without the consent of his solvent partner, the plaintiff in this suit, was not subject to be administered in the bankruptcy proceeding. And the court as a court of equity could not properly refuse the exercise of its equitable powers when duly and properly invoked, and constrain the party who so invoked the exercise of that jurisdiction to forego any relief at the hands of the court, unless it was sought by an intervention in a bankruptcy proceeding in which the partnership property which was the subject of the relief prayed for was not subject to administration, except by such party's consent. The effect of the action of the court which is complained of was to deny the plaintiff the relief to which its bill showed that it was entitled and to force it to forego any judicial assertion of its rights in the premises, except by intervening in a proceeding in which those rights were not subject to adjudication except by its consent. The result of this action was improperly to deprive the plaintiff of the right to have the partnership property administered otherwise than in the bankruptcy proceeding.

The contention has been made in argument that the decree appealed from finds support in the ruling made in the case of United States Fidelity & Guaranty Co. v. Bray, 225 U. S. 205, 32 Sup. Ct. 620, 56 L. Ed. 1055. That case did not involve the question of the right secured to a solvent partner by the above-quoted provision of the statute. The matter dealt with in the part of the opinion in that case which is relied on was a suit against a trustee in bankruptcy, the purpose of which was to control the disposition of a fund in his possession, admittedly belonging to the bankrupt's estate, and unquestionably subject to administration in the bankruptcy proceeding, and to determine to what extent and in what order the several creditors should participate therein. Plainly, it does not follow, from the decision that that claim should have been asserted in the bankruptcy proceeding, that such a claim as that asserted by the plaintiff in this case, relating, as it did, to the administration of partnership property, which, without the plaintiff's consent, was beyond the reach of the bankruptcy proceeding, could properly be required to be asserted nowhere except in that proceeding. An effect of the statute was to forbid the court so to attempt to draw into the bankruptcy proceeding the administration

218 F.—4

of partnership property not subject to administration in that proceeding, the consent requisite to that property becoming a subject of administration in that proceeding not having been given. .

The decree appealed from is reversed, and the case is remanded for further proceedings not inconsistent with the conclusions above stated.