Argued March 14, reversed and dismissed April 8, 1919.

# FITZHUGH *v.* MUNNELL.

(179 Pac. 679.)

**Fraudulent Conveyances—Bulk Sales Act—Pleading.**

1. Since, unless the affidavit prescribed in Section 6069, L. O. L., as amended by Laws of 1913, page 538, is furnished, the statute makes a sale of goods in bulk conclusively fraudulent and void, it is sufficient, for the purpose of defeating such a transfer, to allege the facts bringing the transaction within the statute, without alleging actual fraudulent intent.

**Fraudulent Conveyances—Bulk Sales Act—Affidavit.**

2. Section 6069, L. O. L., as amended by Laws of 1913, page 538, as to bulk sales, contemplates two classes of creditors, those whose claims are due, and those whose indebtedness is not yet due, but is to become due, and it is imperative that the sworn statement required by the law state the facts as to both classes of creditors, if both exist, and if there are none such, that the latter fact be stated.

[As to remedies of creditor for violation of the bulk sales law, see note in Ann. Cas. 1916C, 928.]

**Fraudulent Conveyances—Bulk Sales Act—Innocent Purchaser.**

3. Under Section 6069, L. O. L., as amended by Laws of 1913, page 538, as to bulk sales, a buyer is protected in his purchase where the seller has made a statement, under oath, fair upon its face, and the buyer has no knowledge of its correctness and nothing to put him on inquiry about it, but not where the insufficiency of the seller's affidavit is apparent on its face.

From Lane: GEORGE F. SKIPWORTH, Judge.

Department 1.

The plaintiff bought a stock of hardware in bulk from Martin Svarverud, doing business as the Svarverud Hardware Company. Subsequently Munnell & Sherrill, the defendants, obtained judgment on their own and an assigned claim against Svarverud and were about to seize the stock in the hands of the plaintiff on execution, when he brought this suit to enjoin the levy.

The substance of the defense is that Svarverud sold and Fitzhugh bought the stock of hardware in bulk, without executing an affidavit conforming to Section

6069, L. O. L., as amended by Chapter 281, Laws of 1913.

The reply admits the making of the affidavit, the sufficiency of which the defendants challenge, denies any knowledge of the claim of the defendants and contends that the latter knew of the purchase of the stock but gave the plaintiff no notice of their demand. The Circuit Court rendered a decree perpetually enjoining the defendants from seizing the goods by virtue of their execution, and they appeal.

REVERSED. SUIT DISMISSED.

For appellants there was a brief over the names of *Messrs. Cake & Cake* and *Messrs. Potter & Immel,* with an oral argument by *Mr. William M. Cake.*

For respondent there was a brief and an oral argument by *Mr. H. E. Slattery.*

BURNETT, J.—There is but little, if any, dispute about what are deemed to be the material facts in the case. The statute alluded to makes it the duty of the one who purchases merchandise in bulk to demand and receive from the vendor, at least five days before the consummation of the purchase and at least five days before paying the purchase price or any part thereof, "a written statement under oath containing the names and addresses of all of the creditors of said vendor, together with the amounts of indebtedness due or owing, or to become due or owing, by said vendor to each of such creditors and, if there be no such creditors, a written statement under oath to that effect." The enactment requires the seller to furnish such a statement. Other provisions of the act prescribe that the vendee, after having received the sworn statement already

mentioned, shall give notice to the creditors of his intention to purchase.

Under date of December 11, 1916, Sidney Teiser, an attorney of this court, signed and addressed to the plaintiff a letter saying substantially, "following is a list of the names and amounts of the creditors represented by us." Then followed a list of fourteen names of creditor firms with amounts set opposite each name, totaling $6,602.54. The claims of the defendants were not included in the schedule. Appended to this letter was an affidavit signed and verified by the oath of Svarverud, which after the venue runs thus:

"I, M. Svarverud, being first duly sworn, upon oath depose and say: That I am the owner of the Svarverud Hardware Company, which I have sold John R. Fitzhugh of Eugene, Oregon; that to the best of my knowledge and belief the names mentioned in one certain letter hereto attached are a complete list of the creditors and the amounts now due by the said Svarverud Hardware Company; that if any others should be discovered it will be due to the faulty memory or recollection, and I hereby bind myself to make prompt settlement of all such claims chargeable to the said hardware company prior to Dec. 16, 1916, whether mentioned in the attached list or not, and agree to be held responsible to John R. Fitzhugh, of Eugene, Oregon, for any consequences resulting from the failure to bring about such necessary adjustments or payments of said claims."

1, 2. The object of the statute is to protect creditors from fraudulent transfers of stocks of merchandise, thus affording a remedy in addition to the general rules about the transfer of property with intent to defraud creditors. It is not charged in the answer that any of the parties had any intent to swindle or defraud anyone else, and the plaintiff argues that fraud is never presumed but must be pleaded and proved. This con-

tention is not by the mark.   Unless the prescribed affidavit is furnished, the statute makes such sales conclusively fraudulent and void and for the purpose of defeating such a transfer of property it is sufficient to allege the facts bringing the transaction within the statute and the law itself will draw the conclusion that a statutory fraud has been committed.   Parties engaged in dealings of that sort must know the law and comply with it.   Equally will the court take cognizance of the statute and administer it without burdening the pleadings with averments of conclusions which the law already attaches to such sales.   The act contemplates two classes of creditors: One whose claims are due, and the other whose indebtedness is not yet due but is yet to become due or owing.   It is imperative that both of these classes be treated in the sworn statement according to the facts in both cases, if both exist, or if there are none such, that the latter fact be stated.   The affidavit in question is faulty in that it does not give the address of any creditor, and makes no mention of debts to become due or owing, nor does it state that there are no such creditors.   This defect is apparent on the face of the instrument and the plaintiff accepted it at his peril.   The hedging statement that "if any others should be discovered it will be due to the faulty memory or recollection" was practically sufficient to put the plaintiff upon inquiry with a view to getting the accurate statement contemplated by the statute.

3. There was considerable testimony taken on the subject of whether the plaintiff knew of other claims than those listed.   Svarverud as a witness admitted that he was aware he was indebted to the defendants at the time he made the sale, and there is some testimony tending to show that the plaintiff was advised of it also, but he stoutly denies having any knowledge

of the claim of the defendants. In our view of the sufficiency of the affidavit when measured by the statutory standard, it is not necessary to decide whether the plaintiff knew of the defendants' demand or not. There are numerous cases holding that where the vendor has made a statement under oath, fair upon its face, and the vendee has no knowledge of its incorrectness and nothing to put him upon inquiry about it, he is protected in his purchase. This is sound doctrine because if the buyer has acted in good faith and has demanded the sworn statement prescribed by the law he cannot be held for the fraud of someone else. In this instance the decision must turn upon the insufficiency of the affidavit apparent on its face. If the plaintiff chose to take such a defective statement, bolstered up as it was by the seller's collateral promise, he must take the consequences. The law plainly says that a transfer of goods in bulk without the vendee's having demanded and received from the vendor the prescribed affidavit shall be conclusively presumed fraudulent and void as to all creditors of the vendor. No other construction can be placed upon the matter when the statement in question is measured by the statutory standard. A contrary decision would defeat the beneficial purpose of the statute. The decree of the Circuit Court is reversed and one here entered dismissing the suit.   REVERSED.   SUIT DISMISSED.

McBRIDE, C. J., and BENSON and HARRIS, JJ., concur.