[Civ. No. 1185. Fourth Appellate District.—October 9, 1935.]

ROBERT K. SAMPSON, Trustee in Bankruptcy, etc., Respondent, v. S. I. BOYSEN, Appellant.

414

Ed. P. Sample and William H. Wylie for Appellant.

Seymour W. Wurfel and Charles B. DeLong for Respondent.

BARNARD, P. J.—The bankrupt, Berg, operated a restaurant in San Diego under the name of Berg's Cafe. On September 1, 1933, he sold a half interest in this restaurant, including a half interest in certain fixtures and equipment which are involved herein, to the appellant in this action. He

was heavily indebted at the time and no notice was given in accordance with section 3440 of the Civil Code. Other fixtures were added and improvements were made with money furnished by the appellant and the restaurant business was continued without changing its name.

About three months later Berg was adjudicated a voluntary bankrupt and the respondent, as receiver, took charge of the equipment in the restaurant. Shortly thereafter the appellant appeared before the referee in bankruptcy and requested that all of the restaurant property be turned over to him as a nonbankrupt partner, in accordance with section 23, subdivision (h), U. S. C. A., Bankruptcy, title 11. The referee ordered the property delivered to this appellant in accordance with said section and at the same time gave permission to the respondent, as trustee of the bankrupt estate of Berg, to bring a suit in the state court for the purpose of determining what title the appellant had in the property here in question. The appellant proceeded to sell the fixtures and equipment of the restaurant, including the portion here involved, a half interest in which had been sold to him by Berg without notice and the other half of which Berg had contributed to the partnership business. This action was brought to recover the value of that portion of the fixtures which had been owned by Berg prior to September 1, 1933, and a half interest in which had been sold to the appellant. The court found for the respondent, finding the value of this portion of the fixtures to be $300, and entered judgment for that amount. This appeal followed.

It is first contended that the state court was without jurisdiction to try this action and that the bankruptcy court, having taken possession of the property through a receiver, had sole and exclusive jurisdiction over any question of title or adverse claim to the property involved. The appellant relies upon certain cases in which it has been held that where a court of bankruptcy, through its officers, takes possession of property which is then in the possession of the bankrupt, it has jurisdiction to hear and determine the adverse claims of other parties and its possession cannot be disturbed by the process of another court. In such cases the property in question was in the exclusive possession of the bankrupt at the time it was taken over by the officers of the bankruptcy court.

We are here dealing with property which was in the possession of a partnership, only one member of which has been adjudicated a bankrupt. Subdivision (h) of section 23, U. S. C. A., Bankruptcy, title 11, provides a method for handling partnership property in such a case but makes no provision for determining a controversy as to whether particular property is, in fact, partnership property. There is a distinction between property which the bankruptcy court takes from the possession of an individual bankrupt and property which is found in the possession of a partnership only one member of which is going through bankruptcy proceedings. The federal statute just referred to provides that in the latter case the partnership property shall not be administered in bankruptcy except with the consent of the solvent partner. In *Marnet Oil etc. Co.* v. *Staley,* 218 Fed. 45, the court said: ''The plain language of this provision negatives the existence of a right of the court as a court of bankruptcy to draw to itself the administration of the partnership estate when only one of the partners has been adjudged bankrupt, except in the event of the partner or partners not adjudged bankrupt consenting to its doing so. The right in such a case of a solvent partner to have the partnership business administered elsewhere than in bankruptcy is absolute unless waived by him.''

In the instant case a partnership existed between the appellant and Berg, the property was in the possession of this partnership and the appellant did not consent to an administration by the bankruptcy court but demanded a return of the property to him in accordance with the statute, which demand was complied with. Neither the temporary possession of the receiver nor the partial right of possession of the insolvent partner at the time the property was taken charge of by the bankruptcy court gave that court exclusive jurisdiction of the claim which afterwards arose, but as matters then stood the statute referred to was controlling and the appellant was entitled to a return of the property in order to settle the partnership business and account for any interest of the bankrupt partner.

In this situation a controversy arose between the trustee and the solvent partner as to whether this particular property was, in fact, partnership property. Under the plain pro-

visions of section 46, U. S. C. A., Bankruptcy, title 11, jurisdiction of an action to determine such a controversy was in the state court.

It is next urged that the order of the referee ordering the property returned to the appellant, as solvent partner, is binding and conclusive upon the respondent as to appellant's right to administer the property and sell the same and that the same is a complete bar to the present action. In support thereof, appellant cites the case of *Martin Music Co.* v. *Robb*, 115 Cal. App. 414 [1 Pac. (2d) 1000], as holding that an order of a referee allowing a claim operated as an estoppel and was a bar to a subsequent suit on the contract out of which the claim originated. An entirely different situation here appears. In this case, the parties were partners, the property was partnership property until and unless the sale was set aside, and the appellant had not submitted to the jurisdiction of the bankruptcy court. Under section 46, title 11, U. S. C. A., above referred to, the referee had no jurisdiction to settle the question which had arisen or to pass upon the appellant's claim of title to the property. He could only set it over to the solvent partner in accordance with the provisions of subdivision (h) of section 23. This he did without attempting to pass upon the title to the property or upon any claim of this other party and, at the same time, he gave permission to the trustee to bring suit in the state court for the purpose of determining any such controversy. The referee neither had authority to nor attempted in any manner to protect the appellant in anything he might do with respect to the property, but on the contrary the appellant was expressly warned that his rights in the particular property were to be contested, since permission to file a suit was given at the time the property was released to him in accordance with his demand.

After finding that no notice was given of the sale of the half interest in the property here in question to the appellant, the court found, as a conclusion of law, that because of the failure to give such notice the purported sale by Berg to the appellant of an undivided one-half interest in and to this property was fraudulent and void as against the individual creditors of Berg, who were such on and prior to September 1, 1933. The appellant contends that this conclu-

sion is erroneous and that section 3440 of the Civil Code has no application since the sale in question was of a half interest in the fixtures only. We are cited to no cases in this state, but in *Daly* v. *Sumpter Drug Co.*, 127 Tenn. 412 [155 S. W. 167, Ann. Cas. 1914B, 1101], in passing upon a similar contention under a somewhat similar law, the court said: "The sale of a half interest by a merchant for the purpose of taking the vendee into partnership is within the purpose and reason of the act, since it very materially changes the relation of the vendor's creditors to the stock, if such sale is valid. Before the sale a creditor could levy upon the whole stock. After the sale, if valid, the creditor of such vendor could not levy upon any of the stock, but only upon the vendor's interest in the whole, and in order to obtain this he would have to file a bill in equity and have an accounting with the new partner. So the former owner of the stock might admit three new persons into the business, and so reduce his own holding to a one-fourth interest, and so on as to smaller fractions,—at the same time putting the proceeds into his own pocket and holding them beyond the reach of his creditors." Section 3440 of the Civil Code makes the sale of the fixtures of a restaurant owner void as against existing creditors unless the prescribed notice is given. Every reason for such a statute applies with equal force to the sale of a half interest in such fixtures, especially where the entire ownership of the fixtures is actually transferred to a partnership. Such a sale materially affects the relation of the vendor's creditors to the property. In our opinion, such a sale is within the purpose and intent of the statute and is covered thereby.

It is finally urged that since the appellant only acquired an undivided one-half interest in these fixtures through the sale which was set aside, the judgment against him should have been for only one-half of the value of the fixtures of $150. The appellant did not merely sell the one-half interest which he claimed to have bought but sold the entire property, to all of which the trustee was entitled. Having wrongfully taken and disposed of the property, the appellant was liable for the value thereof.

The judgment is affirmed.

Marks, J., and Jennings, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 5, 1935.