MORRIS HIMMELSTEIN, Assignee of DORA HIMMELSTEIN, Appellant, v. SAM BACH and JAMES SKINNER, Respondents.

Third Department, January 8, 1941.

*Max H. Zuckerman*, for the appellant.

*Robert L. Novark*, for the respondent Sam Bach.

*Martin J. Howard*, for the respondent James Skinner.

BLISS, J. The facts are stipulated. On November 28, 1932, the defendant Sam Bach sold all the stock and machinery of his shoe store and repair shop without any notice of such sale being given to plaintiff's assignor. The latter then held Bach's promissory note for $400 which had been executed and delivered to her on October 24, 1932, but which did not mature until February 24, 1933. Our question is whether or not plaintiff's assignor was entitled to notice of the sale under section 44 of the Personal Property Law, commonly called the Bulk Sales Act. This statute provides that such a sale is void as against the " creditors " of the seller unless ten days' notice of the sale is given to such creditors. The court below held that plaintiff's assignor was not a creditor under the statute upon the ground that the note was only a contingent claim of liability against its maker Bach and not a matured and existing obligation.

The Bulk Sales Act is designed to facilitate commercial transactions and encourage the extension of credit to merchants by giving added protection to their creditors and makes no distinction as to the kinds and classes of creditors which are entitled to its benefits. Such creditors usually include many who have loaned money or sold goods to the merchant on credit, payment to be made at some future time. It would defeat the principal object

of the statute to hold that such persons were not creditors merely because payments of such loans or merchandise were not due. This law should be liberally construed so as to afford a remedy to creditors. (*Preferred Oil Co., Inc.*, v. *Ansonia Management Corp.*, 257 App. Div. 830.) Support for this interpretation of the section is found in the requirement that the list of creditors to be furnished by the seller to the buyer must show the amount of the indebtedness " due or owing " to each. This clearly indicates that the indebtedness need not be due to entitle the creditor to be listed and to notice of the sale. It may be either due or owing. A statement of Bach's financial condition at the time of sale surely would have been inaccurate did it not list the holder of his note among his creditors. Although it is true that Bach's note had not matured, nevertheless it was a definitely fixed and existing obligation and liquidated in amount. Under these circumstances the payee and holder of the note was a creditor of Bach.

This view is general. " Except as the language of particular acts may otherwise indicate, it seems to be the rule that a creditor is entitled to the protection of a bulk sales statute even though his claim is not due or is not one for merchandise furnished." (102 A. L. R. 566.) " The term ' creditors ' * * * includes all persons who were creditors of the seller at the time of the sale, although their claims had not been reduced to judgment, or were not due." (27 C. J., Fraudulent Conveyances, § 888, p. 879.) (See, also, *Fischer* v. *Rio Tire Co.*, [Tex. App.] 65 S. W. [2d] 751; *Fitzhugh* v. *Munnell*, 92 Ore. 47; 179 P. 679; *Eklund* v. *Hopkins*, 36 Wash. 179; 78 P. 787.)

The same construction has been placed upon a similar statute in our own jurisdiction. In *Karst* v. *Gane* (136 N. Y. 316) it was held that the word " creditors " in a statute relating to the filing of chattel mortgages which said that such a mortgage unless filed as directed by the act " shall be absolutely void as against the creditors of the mortgagor " includes creditors whose debts antedate the execution of the mortgage as well as those whose debts were subsequently contracted. A simple contract creditor was said to be as much within the protection of the statute as a creditor whose debt had been merged in a judgment. In that case the plaintiff held the notes of the mortgagors made before the mortgage and maturing thereafter, so that the notes were unmatured at the time the mortgage was given.

Neither *Apex Leasing Co., Inc.*, v. *Litke* (173 App. Div. 323) nor *Adams-Flanigan Co.* v. *Di Donato* (228 N. Y. 542) hold to the contrary. In the *Apex Leasing Co.* case the claim of the alleged creditor was for damages for breach of a lease by the lessee for a

period after the date of the transfer in bulk and was at the time of the transfer only a contingent liability. In the *Adams-Flanigan Co.* case the claim was against an accommodation indorser on a series of promissory notes payable at different times, some of which became payable after the bulk sale, and the holding was that liability of the defendant was, at the time of the sale, contingent, except as to the notes which were then due and unpaid, and contingent liabilities are not covered by the Bulk Sales Act. In the instant case the obligation was in no sense contingent but was fixed and determined in all respects.

The judgment should be reversed upon the law, with costs, and judgment granted in favor of the plaintiff-appellant, with costs.

HILL, P. J., CRAPSER and FOSTER, JJ., concur, SCHENCK, J., dissents, in a memorandum.

SCHENCK, J. (dissenting). I dissent. Section 44 of the Personal Property Law was intended to protect creditors. The protection granted by the section, however, was in the form of provision of remedies by which creditors could reduce claims to judgment. No remedy was provided — or intended to be provided — for persons whose claims had not matured at the date that a " bulk sale " is made. In the instant case the note in question did not fall due until some time after the date of the sale. There was no remedy which the payee of the note could invoke until the due date of the note. Inasmuch, therefore, as the statute could not protect this plaintiff under any circumstances, it should not be applied to his claim.

*Adams-Flanigan Co.* v. *Di Donato* (180 App. Div. 342) and *Apex Leasing Co., Inc.*, v. *Litke* (173 id. 323), while not directly in point, nevertheless establish the law in connection herewith by analogy, and are sufficient authority to sustain the court below. There appear to be no authorities to the contrary.

The judgment should be affirmed.

Judgment reversed on the law, with costs, and judgment granted in favor of the plaintiff-appellant, with costs.