AMERICAN MERCANTILE Co., INC., Respondent, et al., Plaintiffs, *v.* HARRY A. WOHLMUTH et al., Appellants.

First Department, October 14, 1952.

*Alfred Lyons* for appellants.

*Norman M. Behr* for respondent.

VAN VOORHIS, J. The question upon this appeal is whether a cause of action for violation of the Bulk Sales Act is assignable by an assignee for creditors of the transferor. Defendants-appellants, who purchased the merchandise in bulk without complying with the requirements of section 44 of the Personal Property Law, appeal from an order denying their motion to dismiss the complaint by the mercantile agency which bought the claim. The insolvency proceeding has been wound up in the State court, and the assignee for creditors has been discharged.

The law is well settled that section 44 of the Personal Property Law inures to the sole benefit of those who were creditors at the time of the transfer of the goods in bulk (*Apex Leasing Co.* v. *Litke,* 173 App. Div. 323, affd. 225 N. Y. 625; *Himmelstein* v. *Bach,* 261 App. Div. 57). The complaint alleges that the plaintiff Ida Sanger is such a creditor. She is the only person alleged to have been a creditor at the time of the transfer. Her right to maintain the action has not been challenged by defendants.

Assuming, *arguendo,* that the assignee for creditors could have maintained the action for Ida Sanger, and other creditors who might have been similarly situated, any recovery would have had to be administered by the assignee as a fiduciary for the benefit of such creditors alone, and not for all who were creditors at the time of the assignment. It appears from the complaint that the only payment made to Ida Sanger was a dividend of 11% paid by the assignee to all of the creditors. It cannot be assumed (not being alleged) that no others became creditors after the sale in bulk on May 14, 1948, and before the assignment for creditors on July 27, 1948. The opposite is

probable. It thus appears from the complaint that the assets of the transferor (including any money received from the mercantile agency from the sale of this claim based upon violation of section 44 of the Personal Property Law) were administered by the assignee for the benefit of all of the creditors, and that Ida Sanger received no payment derived from the sale of this claim to the mercantile agency in addition to her dividend as a general creditor.

The rule that recoveries under section 44 of the Personal Property Law belong exclusively to those who were creditors at the time of the sale in bulk, cannot be circumvented by using the proceeds of sale of such causes of action for the benefit of all who were creditors at the time of the general assignment. Moreover, if such a cause of action could be maintained in any event by an assignee for the benefit of creditors, it could only be in a fiduciary capacity for the benefit of the limited class of creditors who were such at the time of the bulk sale. That fiduciary responsibility could not be transferred to the mercantile agency along with the claim. It is in no position to administer a recovery for the benefit of those creditors, nor can that now be done by the assignee for creditors who has been discharged and the insolvency proceeding closed.

It is conceded in respondent's brief that " upon the trial the respondent's judgment will be limited to the amount owing to persons who were creditors at the time of the Bulk Sale," and it is asserted that " The appellants cannot be concerned with the distribution of the proceeds of any judgment." Quite clearly the only recovery which could be had would be for the benefit of persons who were creditors at the time of the bulk sale, and respondent implicitly recognizes that it would be chargeable with some fiduciary obligation to dispose of the proceeds in event of success in the action. It has been vested by law with no such power or duty, which could, at most, be exercised by the assignee for creditors while acting under the supervision of the court. The conclusion is that under the circumstances of this case, the cause of action sought to be maintained by the mercantile agency could not have been assigned to it, and that the motion to dismiss the complaint should have been granted against it. In this connection, it may be noted that section 19 of the Debtor and Creditor Law provides that the court may authorize the sale by an assignee for creditors of property of the *debtor*.

We do not pass upon whether a transfer in violation of the Bulk Sales Act is one in fraud of creditors so as, in any event,

to have vested title to such cause of action in an assignee for creditors under section 19 or subdivision 6 of section 15 of the Debtor and Creditor Law, prior to the amendment to the latter by chapter 758 of the Laws of 1950 which now specifically empowers the court to authorize an assignee for creditors to proceed under section 44 of the Personal Property Law. In this connection, it may be noted that the last-cited statute is contained in article 2 of the Debtor and Creditor Law, which governs assignments for creditors, and requires that the authorization of the court shall be granted to an assignee before commencing actions to set aside transfers in fraud of creditors, or, since 1950, in violation of the Bulk Sales Act. No authorization by the court is alleged in this complaint to have been obtained.

The order appealed from should be reversed, with $20 costs and printing disbursements, and the motion of defendants-appellants should be granted to dismiss the complaint insofar as the action is brought by plaintiff American Mercantile Company, Inc.

BREITEL, J. (concurring in result). I concur in the result reached in the opinion of Mr. Justice VAN VOORHIS, but solely on the ground that the assignee's power with respect to proceedings to set aside a bulk sale under section 44 of the Personal Property Law and sections 15 and 19 of the Debtor and Creditor Law is a fiduciary one subject to approval by the court and not assignable or delegable by him under section 19 of the Debtor and Creditor Law. I disagree with the view that an assignee for the benefit of creditors, who succeeded in recovering under section 44 of the Personal Property Law, could distribute the recovery only among the creditors at the time of the transfer. Such a recovery would be available for distribution as part of the general fund without preference. (See Debtor and Creditor Law, § 23.) The rule could be no different than that which obtains with respect to fraudulent conveyances set aside at the suit of the assignee under old subdivision 6 or new subdivision 6-a of section 15 of the Debtor and Creditor Law. To such conveyances, section 23 obviously applies and yet such conveyances were in the absence of a general assignment vulnerable only at the suit of existing creditors. See generally article 10 of the Debtor and Creditor Law.

PECK, P. J., and CALLAHAN, J., concur with VAN VOORHIS, J.; BREITEL, J., concurs in result, in opinion.

Order reversed, with $20 costs and disbursements to appellants and the motion to dismiss the complaint insofar as the action is brought by American Mercantile Company, Inc., is granted. Settle order on notice.