Irving H. Saypol, J.
Defendants move, pursuant to rule 107 of the Rules of Civil Practice, for dismissal of the complaint, upon the ground that plaintiff has not legal capacity to sue.
In a first cause of action plaintiff sues upon a claimed violation of the Bulk Sales Act (Personal Property Law, § 44). The allegation that the sale was consummated must be deemed to be true. Some time thereafter the seller made an assignment for the benefit of creditors. Defendants contend that the cause of action belongs to the assignee (Debtor and Creditor Law, § 15, subd. 6, as amd. by L. 1950, ch. 758, eff. Sept. 1, 1950). Prior thereto an assignee could not, with or without authority, sue upon a fraudulent bulk sale, as he could with respect to other fraudulent transfers (see § 15, subd. 6 as it existed prior to the 1950 amdt., and the present § 15, subd. 6-a). In construing the present subdivision 6 of section 15 in connection with the claimed right of an assignee to assign a cause of action based upon a violation of the Bulk Sales Act, the Appellate Division stated in American Mercantile Co. v. Wohlmuth (280 App. Div. 571, 573-574): “ We do not pass upon whether a transfer in violation of the Bulk Sales Act is one in fraud of creditors so as, in any event, to have vested title to such cause of action in an assignee for creditors under section 19 or subdivision 6 of section 15 of the Debtor and Creditor Law, prior *7 to the amendment to the latter by chapter 758 of the Laws of 1950 which now specifically empowers the court to authorize an assignee for creditors to proceed under section 44 of the Personal Property Law. In this connection, it may be noted that the last-cited statute is contained in article 2 of the Debtor and Creditor Law, which governs assignments for creditors, and requires that the authorization of the court shall be granted to an assignee before commencing actions to set aside transfers in fraud of creditors, or, since 1950, in violation of the Bulk Sales Act. ’ ’ It would seem, therefore, that rights arising upon a sale in violation of the Bulk Sales Act have been added to the rights of an assignee with respect to fraudulent transfers. Since the administration of an assigned estate and of the rights of the debtor and of the creditors should be and are left to the assignee for the equal protection of all creditors in accordance with their status, the right of action upon the first cause must likewise be left to the assignee. The fact that the assignee has not acted is not raised by the complaint as a possible basis of action.
The second cause is based on section 273 of the Debtor and Creditor Law, and the third cause upon section 276. Since reliance in these causes is based on fraudulent transfers, they, too, belong to the assignee.
The fourth cause of action is based upon the transfer by a person not a party to the action to the defendants of the fund in which the debtor did not have the entire interest. To the extent, as alleged, the fund transferred belonged to the creditors and not to the debtor, there was not a transfer by the debtor. The theory of relief is that the transferor held the moneys in trust for the benefit of creditors entitled thereto, and to that extent at least the debtor has no further interest therein. However, the agreement of May 27, 1955 modified the agreement of May 23, 1955. The latter agreement provided for closing on June 7,1955, whereas it is alleged that the transfer occurred on June 6, 1955. In the absence of an explicit allegation that the agreement of May 27, 1955 was performed and the debtor thereby parted with its interest in the fund, the fourth cause is insufficient. If the agreement remained executory, the transfer was made by the debtor, and the cause would not belong to the plaintiff.
The motion is granted dismissing all four causes of action, with leave to the plaintiff to serve an amended complaint as to the fourth cause only, within 20 days from service of a copy of this order with notice of entry.
*8 (On reargument May 9, 1957.)
This motion for reargument is granted and the decision of March 12, 1957, upon recall is reconsidered and the original motion is denied in all respects.
"While it is obvious that bankruptcy in the Federal domain is comparable in many respects to assignments for the benefit of creditors under supervision by this court, still one may not go so far as to conclude that creditors’ sole rights such as under section 44 of the Personal Property Law (the Bulk Sales Act) have been extinguished (American Mercantile Co. v. Wohlmuth, 280 App. Div. 571, 572). The holding in the latter case is not read to take away the rights of the creditors at the time of the bulk sale but before the assignment. The amendment to subdivision 6 of section 15 of the Debtor and Creditor Law (L. 1950, ch. 758) which extends the right to sue to the assignee under the court’s supervision is independent of the rights of the creditors and was not intended to be exclusive.