Argued December 4, reversed and remanded December 31, 1962

## BROWNSON *v.* LEWIS and BUNNELL
### 377 P. 2d 327

*Leo Levenson,* Portland, argued the cause for ap-

pellant. With him on the brief was Ernest M. Jachetta, Portland.

*Nathan Heath,* Portland, argued the cause for respondent. With him on the brief were Gray, Fredrickson & Heath and Lloyd W. Weisensee, Portland.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, GOODWIN and LUSK, Justices.

GOODWIN, J.

The trial court held that when the sole proprietor of a business took in a partner, who paid $5,000 for his interest, there was a void transfer of assets within the meaning of the bulk sales act. ORS 79.010 to 79.040. The defendant Bunnell, the party who bought the partnership interest, appeals from a decree in favor of Brownson, the plaintiff, who was a creditor of one Lewis, the former sole proprietor.

The first question is whether the bulk sales act applies to a transfer of the kind involved in the case at bar. If it does, then it is necessary to consider whether the record supports the decree.

The object of the statute is to protect creditors from the fraudulent transfer of stocks of merchandise and similar assets. *Fitzhugh v. Munnell,* 92 Or 47, 179 P 679 (1919). The statute is strictly construed because it restricts the right of an owner to dispose of his property. *Bown v. Frank et al.,* 121 Or 482, 256 P 190 (1927). However, despite the rule of strict construction, equitable remedies are available in an appropriate case for the tracing of assets in order to carry out the intent of the statute. *Hartwig v. Rushing,* 93 Or 6, 182 P 177 (1919).

In the case at bar, Lewis was a wine merchant and Brownson was the unsecured holder of his note.

Prior to the transaction now under scrutiny, Brownson was entitled to look to the assets of Lewis for the payment of the debt. The personal assets of Lewis as well as those connected with his business served to assure Lewis' creditors of their eventual payment. Clearly, any sale by Lewis of his business to a stranger without complying with ORS ch 79 would be voidable under the statute. *Oregon Mill & Grain Co. v. Hyde,* 87 Or 163, 169 P 791 (1918). Under certain circumstances the sale of a fractional interest in a business can be equally defective. *Sampson v. Boysen,* 9 CalApp2d 413, 50 P2d 95.

The statute provides that any sale "out of the usual course of the business" or by which "substantially the entire business or trade" is sold comes within the meaning of the act. ORS 79.040. This court heretofore has not been called upon to decide whether the transfer of a substantial interest in a business, which transfer thereby creates a new business organization, falls within the act. The better reasoned authorities, however, lead us to believe that the act will apply whenever such a transaction falls within the purposes of the statute. See Annotations, LRA 1917D 623, and 96 ALR 1213; also see 24 Am Jur 363, Fraudulent Conveyances § 260.

■ If a purchaser buys into a business by contributing a stock of goods, or a quantity of other property which enhances the value of the business in an amount equal to or greater than the interest being transferred, no creditor could claim to be defrauded by such a transaction of itself. In such a case, perhaps, the transaction should not, in the language of the act, be conclusively presumed to be fraudulent. See *McLean v. Miller Robinson Co.,* 55 F2d 232 (ED Pa 1931), where the assets of a business were exchanged for stock in

a corporation. But cf., in a partnership case, *Marlow v. Ringer,* 79 W Va 568, 91 SE 386, LRA 1917D 619 (1917). On the other hand, where a purchaser buys an interest in the business for cash or its equivalent, and the money thereby is made available to the seller to use for his own purposes, not necessarily in connection with the business, then the creditor is entitled to view such a situation with alarm as an impairment of the collectibility of the creditor's claim. *First Nat. Bank v. Raleigh Sav. Bank & Trust Co.,* 37 F2d 301 (4th Cir 1930); *Watkins v. Angus,* 241 Mich 690, 217 NW 894 (1928); *West Shore Furniture Co. v. Murphy,* 141 NY Supp 835 (1913); and see notes, 82 Pa L Rev 856, 859 (1934), 41 Yale L Rev 1246 (1932). The case at bar is of this latter character.

■ The evidence in the case before us leaves a great deal to be desired. We are, for example, entirely in the dark concerning the nature and extent of assets, if any, which Lewis had when he incurred the debt to Brownson, or when he took in Bunnell as his partner. Assuming that the business had some value, whatever it was, the trial court was justified in treating the transfer of a one-half interest therein to Bunnell as a transfer within the contemplation of the bulk sales act.[1] We find no error in the trial court's decision

---

[1] The record is ambiguous on another point. The trial court could not tell, nor can we, whether Bunnell's payment of $5,000 to Lewis was a loan to Lewis or an investment in what was to become the partnership. If it was a loan, and if Bunnell was merely a general creditor of Lewis, then the transfer of the partnership interest to him would take on some of the character of a preference among creditors and would be subject to additional scrutiny upon that score. In some cases, this preferential element has been considered an additional ground for finding the transfer void at the suit of a complaining creditor. See cases collected in Billig and Branch, *Transfers under Bulk Sales Laws,* 35 Mich L Rev 732, 748, 749 (1937).

that the bulk sales act should apply to a case of this character.

The remaining question, whether the record supports the decree, presents a different type of problem. Bunnell's amended answer alleged that Brownson had waived whatever rights he might have had under the bulk sales act as a creditor of Lewis.

The facts upon which waiver is predicated include the following: Brownson had known both men for many years and had been doing business with them; Brownson suggested that Lewis take Bunnell into the business as a partner; Brownson's bookkeeper set up the partnership books; Brownson guaranteed a line of credit for the new partners with one or more wineries; Brownson received monthly financial statements from the partnership; Brownson was furnished an automobile by the partnership, and received payments from the partnership which were credited upon his note from Lewis.

Brownson does not deny any of the foregoing facts, but contends that he did not waive his rights under the bulk sales act. He says waiver cannot be found, because he did not knowingly give up any right. He contends instead that he was led by the partners to believe that they were assuming the Lewis note as a partnership obligation. Therefore, he contends, he was deceived, and a victim of deceit does not waive anything. It is clear that Brownson did not consciously waive any rights. More accurately the need for notice under the bulk sales act never occurred to him.

■ We believe that "waiver" is not a precise description of the state of affairs before the court. More properly, the creditor's rights under the statute were abundantly protected without the need for a registered letter or a telegram. Actual knowledge can, in some

circumstances, dispense with formal "notice". See *In re Scranton & Short*, 7 F2d 473 (D Or 1925), where the court applied Oregon law on somewhat weaker facts and found that the purposes of the act had been served without the need for the empty formality of the notice.

■ In the case at bar, Brownson knew at all material times far more about the formation of the partnership than any notice under the bulk sales act could have given him. Brownson's rights under the bulk sales act consisted primarily of the right to know that Lewis was diluting his assets in the business by taking in a partner. Brownson then had the right to pursue Lewis as he saw fit for the collection of the debt. Instead, and with full knowledge, he chose to continue in the role of an indulgent lender. He kept himself fully informed, as we have noted, concerning the books and condition of the partnership. Every purpose that could have been served by the giving of the notice required by the statute was fully served by other conduct of the parties that was consistent with their relationship.

■ It must be remembered that this suit is one to declare void the very transaction that purported to create the partnership. Before bringing this suit, Brownson previously had his day in court in an action against Lewis and Bunnell as joint obligors under the theory that the debt had been assumed by the partnership. In that action, he recovered a judgment, not against the partners, but only against Lewis. The circuit court found in favor of Bunnell, specifically finding that the debt was the personal obligation of Lewis and not a partnership debt. That judgment may have been wrong. However, it was never appealed, and it is not subject to collateral attack in the case at bar. Indeed, that judgment makes the "facts", whatever they are, *res judicata* for the purposes of this case.

We must assume the fact to be settled, between these parties, that the debt Brownson seeks to collect is the sole obligation of Lewis.

It was only after the judgment against Lewis turned out to be difficult of collection that Brownson decided to take umbrage at the failure of Bunnell to send him the registered letter or telegram required under the bulk sales act. Brownson points to no particular in which such a formality would have helped him. He merely seizes upon the supposed failure of Bunnell to touch base as a happy coincidence that will enable him to set aside the partnership he helped to create.

We are satisfied that to set aside the partnership transaction and to declare the partnership assets to be the sole property of Lewis would be to produce an accident of a kind never intended by the legislature when it passed the statute requiring notice to creditors.

It may very well be true that Brownson has a right to a substantial portion of the funds held under the decree appealed from, but he has no right to strike down the partnership and seize the whole fund. There is no evidence before us to indicate which of such funds belong to Lewis and thus are answerable to the lien of Brownson's judgment against Lewis and which must be released as the individual property of Bunnell. Accordingly, the cause must be remanded to the circuit court for such further proceedings as may be necessary to arrive at an accounting. The plaintiff is entitled to the disbursement of any funds found to belong to Lewis, up to the amount of his judgment. Any funds found to belong to Bunnell must be released to him. Each party should pay his own costs in this court.

Reversed and remanded.